## Lieberman et ux. v. Fabricant

444

*H. A. Rutenberg*, for plaintiffs.

*A. Hofferman*, for defendant.

BOK, P. J., May 16, 1946.—This is a bill in equity whereby plaintiffs seek to enforce specifically an agreement of sale.

## Findings of fact

1. Defendant has been twice widowed. Harold and Sydney Levinthal are her sons, now adult, by her first marriage. Sydney is married.

2. During the lifetime of her second husband, Morris Fabricant, defendant and her said husband executed a deed to Benjamin Guenther, "trustee for Minnie E. Fabricant". This deed, for a named consideration of $1,450, is dated July 7, 1937, and is recorded in the office for recording of deeds in and for Philadelphia County in Deed Book DWH No. 415, page 373 et seq., the recording date being September 16, 1937. The property conveyed is 1625 Conlyn Street, Philadelphia, and was subject to a mortgage of $5,500.

3. The said deed contains trust provisions whereby the trustee was to pay the income to defendant for life—or she could occupy the property herself—and after her death to convey it to Harold and Sydney Levinthal as tenants in common; or, to their issue if one

or both of them were dead at her death; or to her lawful heirs if her sons were both dead without issue at her death. The trustee is given active powers in the management of the trust property, and there are spendthrift provisions.

4. By deed dated November 26, 1943, and recorded in the office for recording of deeds in and for Philadelphia County in Deed Book CJP No. 414, page 369, etc., on December 26, 1943, Benjamin Guenther, "trustee for Minnie E. Fabricant", Minnie E. Fabricant, Harold Levinthal, Sydney Levinthal and Hilda Levinthal, his wife, conveyed property 1625 Conlyn Street, Philadelphia, to Minnie E. Fabricant, widow. The consideration named is $100; the deed refers to the former deed dated July 7, 1937, and to its trust provisions; and it contains the following clause: "And whereas the Grantors herein are all sui juris and are all of the parties in interest in said trust estate and intend hereby to execute and terminate such trust estate."

5. On September 26, 1945, defendant and plaintiffs executed an agreement of sale of 1625 Conlyn Street, Philadelphia, for $12,500, $1,000 of which was paid at the time. The balance was to be paid at settlement and possession was to be given within 90 days.

6. On October 10, 1945, defendant's counsel notified plaintiffs that she would not convey. The reason given was that Harold Levinthal refused to approve the agreement to sell. Defendant asserts an oral trust whereby, at the time of the 1943 deed, she and her son Harold agreed that he was to have a one-third interest in the property that was to be reconveyed to him after his return from military service overseas. No such oral trust was in fact made.

7. Plaintiffs have been and are willing to take the property, and defendant is willing to return their deposit of $1,000.

*Discussion*

It is clear to me that the deed of November 26, 1943, was ineffectual to terminate the trust set forth in the deed of July 7, 1937.

The trust is irrevocable: King et al. v. York Trust Co., 278 Pa. 141 (1923) ; Johnson et al. v. Provident Trust Co., 280 Pa. 255 (1924) ; Donnan's Trust Est., 339 Pa. 43 (1940).

The terms of the trust expressly provide for the contingency of after-born children. Both Harold and Sydney are under 30, and Sydney is married. The trust also provides for collaterals of defendant in case both her sons predecease her without issue. Who would finally take cannot be determined until defendant dies, and such possible remaindermen cannot be deprived of their rights by the intervening beneficiaries. It is only where *all* the parties who are or may be beneficially interested in a trust are in existence and sui juris and where there is no ultimate purpose to be served in continuing the trust that the trust can be terminated: Bowers' Trust Est., 346 Pa. 85 (1943), A. L. I. Restatement of Trusts, §§338(1) and 340, comment (*d*). That is not this case.

The trust is also an active one. The trustee is given power to sell, power to manage the property, power to invest and reinvest the proceeds of a sale, with discretion as to such investment. This is anything but a dry or passive trust. See Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570 (1932), Bowman's Est., 332 Pa. 197 (1938), Friedheim's Est., 344 Pa. 542 (1942).

The trust contains no power of revocation.

It is significant, when considering the purpose of this trust, to note the following testimony of Harold Levinthal:

"Q. And isn't it a fact that this deed of trust was executed solely and wholly for the purpose of prevent-

ing your mother's second husband from acquiring any interest in this property?

"A. Not wholly, no.

"Q. What was the other reason?

"A. For our protection, too."

It follows that the property is still impressed with the trust; that the effort to terminate it was ineffectual; and that it must be reconveyed to the trustee or to a new trustee appointed in accordance with the trust provisions in case Benjamin Guenther, the original trustee, is unable or unwilling to act. Plaintiffs can have no rights inasmuch as the trust and the attempt to revoke it were matters of public record, and they were necessarily on notice.

It might only be added that while the trustee had power to sell, he had no power to give. The consideration in the 1943 deed, "not over $100.", can be not other than a gift in view of the consideration named in the 1937 deed. Nor did he have the legal power to join in a deed attempting to terminate the trust.

Aside from these considerations, I do not believe that a valid oral trust was ever established between defendant and her son. On two separate occasions, six months apart, she negotiated with these plaintiffs over the property, and on the second occasion she delayed for three hours before signing the agreement. At neither time did she mention the alleged trust, although she was careful enough to alter the agreement in the particular of the real estate agent's commission.

Oral trusts are not favored by the law, and the evidence to support one must be direct, positive, express, unambiguous, and convincing: Moffitt v. Moffitt, 340 Pa. 107 (1940). The evidence before me is anything but that.

### Conclusions of law

1. The trust set up in the deed of July 7, 1937, was active and irrevocable.

2. The trustee had no power to give away the trust property or to join in a deed purporting to terminate the trust.

3. The deed of November 26, 1943, is void as an ineffectual and improper attempt to terminate the trust.

4. The alleged oral trust was not established by sufficient evidence.

5. Plaintiffs are not entitled to specific performance, since defendant had no free or legal title to convey.

6. The property is still subject to the trust and must be reconveyed to a trustee.

7. Defendant must return the down payment of $1,000.

### Decree nisi

And now, May 16, 1946, it is ordered and decreed as follows:

1. The bill is dismissed.

2. Defendant shall forthwith reconvey 1625 Conlyn Street, Philadelphia, to Benjamin Guenther, the trustee named in the deed dated July 7, 1937, or, if the said Benjamin Guenther is unable or unwilling to act, to another trustee to be appointed in accordance with the provisions of the said deed; the property to continue to be administered by said trustee according to the trust provisions in the said deed of July 7, 1937.

3. Defendant shall forthwith return to plaintiffs the down payment of $1,000 paid by them when the agreement of sale was executed.

4. The parties to pay their own costs.

### Opinion sur exceptions

BOK, P. J., January 15, 1947.—Since our order of June 26, 1946, the guardian ad litem has filed his report, recommending that specific performance be directed and the proceeds of the sale trusteed in accordance with the original trust.

Defendant does not oppose our earlier conclusion that the deed of November 26, 1943, could not and did not terminate the trust set forth in the deed of July 7, 1937. Defendant also agreed that the effect of the 1943 deed was to make defendant a constructive trustee of the property. Her present contention is that the property should be ordered to be reconveyed to the original trustee or his successor. The guardian, who represents defendant's grandchild born June 26, 1943 (before the ineffective deed of November 26, 1943) and possible unborn grandchildren, believes that the interests of his wards will best be served by turning the property into cash.

We agree with the guardian. Under Sidle v. Kaufman et al., 345 Pa. 549 (1942), plaintiffs may buy whatever title defendant has to sell if they wish to. They were on notice, from the public records, of the 1937 and 1943 deeds, and they accordingly entered into the agreement of sale with their eyes open. As it happens, the guardian informs us that the title company now requires only that the trustee under the 1937 deed join in the conveyance to plaintiffs and that the proceeds of sale be paid to him. It therefore appears that they can get an insurable title, which, so far as they are concerned, will be the same title that the trustee had.

Aside from plaintiffs' right to specific performance, it appears to us that it is to the best interests of the minors, born and unborn, to sell the property. Defendant and her sons have scant claim on our consideration, for they deliberately flouted the trust provisions and acted without regard for the possible rights of the minors, even though a grandchild had been born before the abortive deed of 1943 was executed. We have no reason to expect that they would, if they continue to occupy the property, treat it with the contingent rights of the minors any more in view than they have done.

The trust gave defendant the right to receive the income for life or to occupy the property, which she did, but when she signed the agreement of sale she estopped herself from asserting that the original purpose of the trust must have been in the main to provide her with a home in that particular property. To assert, as she now does, that to decree specific performance would only be to enable her to complete the breach of trust in which she participated, is quite beside the point. Merely selling the property is not repugnant to the trust, since it contains a power of sale. Had she sold the property for an inadequate consideration, she could be held accountable as a constructive trustee, but she is fortunate in having agreed to sell for an exceedingly good price, in a seller's market. The 1937 deed mentions a consideration of $1,450, subject to a $5,500 mortgage. The appraiser, properly employed by the guardian, mentions the most recent neighborhood sale as being $10,600, and appraises the property in question at $12,000. Plaintiffs have agreed to pay $12,500.

Comment *l* to section 291 of A. L. I. Restatement of Trusts provides:

"If the trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust, the beneficiary, if he is not under an incapacity, can pursue any of the appropriate remedies stated in this Section, either to recover the property or its value or the proceeds of the property. Similarly, if there are several beneficiaries and if none of them is under an incapacity and they all agree upon a particular remedy, they are entitled to that remedy. *If the beneficiary or one of the beneficiaries is under an incapacity or they do not all agree upon a particular remedy, the court will enforce the remedy which in its opinion is most conducive to effectuating the purposes of the trust.*" (Italics supplied.)

Section 291 of the Restatement provides:

"(1) Where the trustee in breach of trust transfers trust property to a person who takes with notice of the breach of trust, the transferee can be compelled,

"(*a*) if he has not disposed of the property, to restore it to the trust, together with the income which he has received from the property; or

"(*b*) if he has disposed of the property, to pay the proceeds of the sale with the income received from the property and from the proceeds, or the amount of the proceeds with interest thereon and with any income which he received from the property before he sold it, or to pay the value of the property at the time of the decree with the income received from the property; or

"(*c*) if he received the property with knowledge of the breach of trust, to pay its value at the time when he received it with interest thereon; and if with knowledge of the breach of trust he refused to restore the property to the trust, to pay its value at the time of such refusal with interest thereon; and if with knowledge of the breach of trust he disposed of the property, to pay its value at the time he disposed of it with interest thereon.

"(2) The beneficiary can enforce an equitable lien upon the property or its proceeds as security for his claim under the rules stated in Clauses (*b*) and (*c*).

"(3) In each of the cases specified in Subsection (1), the transferee is entitled to a credit of the amount which he paid for the property to the extent to which the trust estate has received a benefit therefrom, and to a credit for any sums paid by him in the discharge of encumbrances upon the property; and, if he did not have knowledge of the breach of trust, he is entitled to a credit for the amount of expenditures made by him for repairs and improvements upon the property to the extent that the property is thereby enhanced or preserved in value."

It is true that section 310 of the restatement provides that where a trustee attempts to dispose of the trust property in breach of the trust, a third person may not compel specific performance. That is not our case, however. We are not dealing with a breach of trust such as selling for an inadequate price or without power of sale; we are dealing with a situation created by a futile effort to terminate the entire trust. If we put defendant in the trustee's position, her contract to sell is in no way a breach of trust; the price is adequate, there is a power of sale, and no other breach appears. All that we are doing is to compel defendant to act as we would compel the trustee to act if he had done what she has done and had then reneged.

In using section 291 of the restatement, the same idea must be met, for the phrase "trustee in breach of trust" again occurs. This section refers not to a contract to sell or dispose of the trust property but to an actual disposition of it, and also refers not to "a third person" who may not have notice of the trust but to "the transferee" who has notice. Section 310 may therefore reasonably be held to apply to a person outside the trust, while section 291 may be held to apply either to an outside person or to someone within the trust, as here. We regard section 291 as governing the situation between Guenther, the trustee, and defendant, and section 310 as not governing it; the former section, as between these two people, reconciles the difference that appears under section 310 between "a trustee in breach of trust" and a trustee who vainly tries to terminate the trust. Defendant is obviously the "transferee" in section 291 and not the "third person" in section 310.

We regard paragraph (1) (b) of section 291 as providing the proper remedy. The agreement of sale, which makes plaintiffs the equitable owners, is an effective disposition of the property. Defendant became constructive trustee because the contingent interest of

the minors made it impossible to terminate the trust in the manner attempted: Donnan's Trust Estate, 339 Pa. 43 (1940); A. L. I. Restatement of Trusts §340. The deed of 1943 had the effect, however, of passing title to defendant, since the title must be somewhere, and therefore both she and plaintiffs bound themselves by their agreement of sale to pass such title as defendant has, which for all practical purposes may be considered as the same title that the trustee had before the deed of 1943.

We therefore sustain plaintiff's exceptions to the decree nisi, dated May 16, 1946; dismiss defendant's exceptions to our order of June 26, 1946, and make the following

### Order

And now, January 15, 1947, it is ordered and decreed:

1. That defendant, Minnie Fabricant, specifically perform her agreement dated September 26, 1945, to sell to plaintiffs, Albert and Elsie Lieberman:

"ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, described according to a survey and plan thereof made by Joseph F. Delaney, Esq., Surveyor and Regulator of the Fifth District, on the 14th day of April, 1936, as follows, to wit:

"SITUATE on the Northeasterly side of Conlyn Street (fifty feet wide) at the distance of One hundred seventy one feet and seven inches Southeastwardly from the Southeasterly side of 17th Street (sixty feet wide) in the 49th Ward of the City of Philadelphia. CONTAINING in front or breadth on the said Conlyn Street Eighteen feet three inches and extending of that width in length or depth Northeastwardly between parallel lines at right angles to said Conlyn Street, One hundred feet to the Southwestwardly side of a certain twenty feet wide driveway ex-

tending Northwestwardly into 17th Street and Southeastwardly into 16th Street."

2. That the proceeds of said sale be paid over, forthwith upon receipt, by said defendant to Benjamin Guenther, trustee under deed dated July 7, 1937, and subject to the terms and conditions of said deed; or, should the said Benjamin Guenther be unwilling or unable to act as trustee, the said proceeds shall forthwith be paid over by said defendant to a substituted trustee to be appointed in accordance with the terms of the said deed and subject to its provisions.

3. That defendant shall pay the costs and the fee of the appraiser, H. W. Hanson, in the sum of $10.