## Unruh's Estate.

*Trusts and trustees—Charitable trusts—Petition to terminate— Refusal.*

Where testatrix made a bequest in trust to invest the principal and pay over the income to a designated charitable institution, the Orphans' Court properly dismissed a petition by such institution to terminate the trust and pay the petitioner the corpus, and the fact that the trustee joined in the prayer of the petition is immaterial.

Argued Jan. 20, 1915. Appeal, No. 236, Jan. T., 1914, by the Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church, from decree of O. C. Philadelphia Co., April. T., 1907, No. 440, refusing petition for the termination of a trust in estate of Emaline Unruh, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for the termination of a trust.

The facts appear in the following opinion of GUMMEY, J., dismissing the petition: The trust we are asked to terminate arises under the will of the testatrix and codicils thereto, wherein she provided as follows:

"Eighth. I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, whatsoever and wheresoever found to Charles A. Spiegel, to have and to hold the same to himself, his heirs and assigns forever, upon the uses and trusts following, namely:

"In trust to invest and keep the same invested in such

securities as he may deem prudent and to pay the net increase of such investments to my friend Catherine Brown, of Germantown, Philadelphia, Pennsylvania, during her natural life and her sole receipts shall be ample acquittance for the same and from and immediately after her decease then as to the one equal moiety of said income or increase of such investments to pay over the same annually to the St. Michael's Lutheran Church of Germantown, Philadelphia, Pennsylvania, and as to the other equal moiety of the said income or increase of such investments to pay over the same to the Orphans' Asylum of the Lutheran Church, situated on Germantown avenue above Carpenter lane, Philadelphia."

By her second codicil testatrix provided for the payment to Catharine Brown of an annuity in lieu of the income for life and then said:

"The balance or surplus of said net increase or income of my estate I direct shall be paid by my executor and trustee above named annually to the Orphanage of the St. Michael's Lutheran Church at Mt. Airy, Philadelphia, during the lifetime of the said Catharine Brown and immediately upon and after her decease the said increase or income of my estate shall be divided between the St. Michael's Church and Orphanage as directed in my will above written."

And by a third codicil testatrix further provided:

"I hereby revoke the provision which I made in my last will for the St. Michael's Lutheran Church of Germantown.

"I hereby confirm the bequests which I made to the Orphans' Asylum of the Lutheran Church situated on Germantown Road above Carpenter lane, and hereby add thereto the amount previously bequeathed to the St. Michael's Church, as I think that the poor have more need for aid than the Church."

Catherine Brown is dead and by reason of the revocation of the bequest to St. Michael's Lutheran Church the

gift as it now exists is to Charles A. Spiegel, his heirs and assigns forever, in trust to invest and keep the same invested in such securities as he may deem prudent and to pay the net increase or income to such investments to the Orphans' Asylum of the Lutheran Church (the proper title of which is the Orphans' Home and Asylum for the Aged and Infirm of the Evangelical Lutheran Church as appears by the adjudication filed in this estate June 5th, 1909); that is to say, the trust is now one for a charitable use only and therefore is not to be confused with those trusts for noncharitable purposes which may be terminated by the court when the purpose of the trust has been accomplished (as in Koenig's App., 57 Pa. 352; Lee's Est., 207 Pa. 218), or where all persons interested are sui juris and agree to its determination (of which Brooke's Est., 214 Pa. 46, and Harrar's Est., 22 D. R. 447, are illustrations).

Charities are favorites of the law in Pennsylvania and where a bequest is to a trustee for a charitable use our courts will not permit the trustee to be interfered with, so long as the trust estate is being managed in accordance with the donor's intention; (2 Perry on Trusts, 6 ed., page 1220; Stallman's App., 38 Pa. 200; Donaldson's Est., 11 Pa. C. C. 311; Field v. Girard College Directors, 54 Pa. 233), unless the trust is a passive one such as is sometimes raised merely for the purpose of taking title (Latshaw's App., 122 Pa. 142; Krauczunas v. Hoban, 221 Pa. 213,) or where the gift is to a subordinate object in connection with a charitable or religious institution, in which case the trust vests in the institution itself, in case of which it is granted (Yard's App., 64 Pa. 95).

When we come to consider the will before us, we find that the testatrix used language which clearly shows her intention that the trust was to be administered by her trustee and not by the institution which was the object of her bounty; the gift is to her trustee "his heirs and assigns forever upon the uses and trusts following,

namely: In trust to invest and keep the same invested in such securities as he may deem prudent"—not such securities as the cestui que trust may deem prudent; and that she wished her trustee to continue to collect and disburse the income from her estate after her death, is stated in unequivocal language, for her will provides: "And from and immediately after her (that is annuitant's) decease, then......as to the other equal moiety of the said income or increase of said investments to pay over the same to the Orphans' Asylum of the Lutheran Church"; and again, in the second codicil, "immedately upon and after her decease the said increase or income of my estate shall be divided between the 'St. Michael's Church and Orphanage as directed in my will above written." Why then, should not this evident intention of the testatrix be carried out? As is pointed out in Perry on Trusts (Vol. II, sixth edition, page 1181), there is a wide distinction between a gift to a charity and a gift to a trustee to be applied to a charity, as in the former instance all that is necessary to be done is for the court to award the fund to the particular charity, the action of the court in this respect being ministerial only; whereas in a gift to a trustee to be applied to a charity, the court has jurisdiction over the trustee, as it has over all trustees, to see that he does not commit a breach of his trust or apply the fund in bad faith or to purposes that are not charitable. (See generally, Barr v. Weld, 24 Pa. 84; Burton's App., 57 Pa. 213; Fisher's App., 162 Pa. 232, 238; Mercer v. Fisher, 162 Pa. 239; Williams' App., 73 Pa. 249; Cary Library v. Bliss, 151 Mass. 364.) And therefore, in the present instance, if we were to terminate the trust and order the transfer of the assets to the charitable beneficiary we would not only be defeating the intention of the testatrix, but would also deprive the ultimate objects of her bounty (that is, the inmates of the orphanage) of the supervision and control which we have over trustees.

Nor, in our opinion, does it matter that the trustee

named by the testatrix is dead, and that the succeeding trustee joins with the cestui que trust in asking for the termination of the trust, as this court has power to appoint a new trustee who will succeed to all the powers of the trustee selected by the testatrix (Society of Cincinnati's App., 154 Pa. 621; Capper's Est., 21 Pa. D. R. 1085).

The petition is dismissed.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was in dismissing the petition.

*Henry B. Patton,* for appellant.

No counsel appeared for appellee.

PER CURIAM, February 15, 1915:

The decree dismissing the petition for the termination of the trust created by the will of Emaline Unruh, deceased, is affirmed on the opinion of the learned court below.