The court entered judgment for the plaintiffs on the case stated.    Defendant appealed.

*Error assigned* was the judgment of the court.

*Morris Wolf,* with him *Horace Stern,* for appellant.

*William Henry Kern,* for appellees.

PER CURIAM, June 3, 1918:

This judgment is affirmed on the opinion of the court below upon which it was entered.

---

# Wood's Estate.

*Trusts—Dry trusts—Active trusts — Beneficiaries, sui juris — Termination.*

1. Where an instrument creating a trust for persons sui juris creates no limitation over of either the income or the principal of the estate and there are no other estates in interest to be preserved and no ultimate purpose of any kind requiring the continuance of the trust is expressed or can be implied from its terms except the mere payment of the income to the cestui que trust, a termination of the trust may be decreed.

2. A testator bequeathed to trustees certain personal property and the proceeds of certain real estate to be held in trust by them for the use of his two daughters, "the proceeds to be equally divided between them......and desire said trustees to pay them equally the net proceeds of the above-named property derived from dividends, rents and interest after payment of taxes and current repairs. And in any case a majority of the said trustees deem it for the interest and safety of the property so bequeathed to (the daughters, naming them) with their consent, to sell any of the mentioned trust property and invest it in the bonds of the United States. I understand that in this devise that the said (daughters, naming them) shall have power to dispose of equal portions of this estate so held for them in trust by will."

One of the daughters died and the other, who was sui juris, applied for a termination of the trust. *Held,* the court properly declared the trust terminated and awarded one-half of the estate to

the petitioner and the other half to the personal representatives of the deceased cestui que trust.

Argued April 2, 1918.   Appeal, No. 13, Jan. T., 1918, by George Wood, Trustee, and R. Francis Wood, substituted Trustee, for Mary and Julia Wood, under Will of Richard D. Wood, Deceased, from decree of O. C. Philadelphia Co., Oct. T., 1880, No. 394, dismissing exceptions to adjudication in Estate of Richard D. Wood, deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The facts appear in the following opinion of GEST, J., sur exceptions to adjudication:

The testator by his will gave to his sons certain personal property and the proceeds of certain real estate to be held in trust by them for the use of his daughters, Mary and Julia.

"the proceeds to be equally divided between them ........and desire said trustees to pay them equally the net proceeds of the above named property derived from dividends, rents and interest after payment of taxes and current repairs.   And in case a majority of the said trustees deem it for the interest and safety of the property so bequeathed to Mary and Julia Wood and with their consent to sell any of the above mentioned trust property and invest it in the bonds of the United States, I understand that in this devise that the said Mary and Julia Wood shall have power to dispose of equal portions of this estate so held for them in trust by will."

Under this trust, the accountants took possession of the property and administered it for many years.   Testator's daughter, Mary, is now deceased.   His daughter, Julia, survives.   Upon the audit of the trustees' account, filed because of the death of Mary, the auditing judge awarded one-half of the trust fund to the legal representatives of Mary's estate, and the other half to Julia under her petition to have the trust terminated.

There are two sets of exceptions filed to the adjudication; the first relates to the trust for Julia Wood, and the second to that for Mary Wood. The first exceptions are dismissed by a divided court, the four judges who heard the argument being equally divided in their opinions, but we all agree that the second exceptions should be dismissed.

As to the trust for Julia Wood. The auditing judge has concisely and accurately stated his reasons for finding that the cestui que trust is presently entitled to demand and receive the assets held for her. In addition to what has been said, we add that the principles that should govern this case are well set forth in Rodrigue's App., 22 W. N. C. 358, where there was a devise of real and personal estate to trustees, who were required to apply all the proceeds and profits thereof to the personal use of the testator's daughter and to her support and benefit from time to time as she may need and require when by her demanded in writing for herself and her children, but not to be applied or used otherwise. The Supreme Court said:

"But the trustees have no functions except merely to apply all the proceeds and profits of the estate to the personal use of the appellant as she might require it. There is no limitation over of either the income or principal of the estate to any person. There are no other estates or interests to be preserved. It is not a spendthrift trust. It was not a trust for protection during coverture, as the appellant was a widow and not in contemplation of marriage. No ultimate purpose of any kind requiring the continuance of the trust is expressed in the will, or can be implied from its terms except the mere payment of the income to the cestui que trust."

Rodrigue's Estate has been followed in Marshall's Est., 30 W. N. C. 228; Audenried's Est., 4 D. R. 507; Keyser's Est., 6 D. R. 181.

It is not sufficient to show that the trust according to its terms is active. There must be something else to

support the trust, and this is sufficient to distinguish the cases cited to support the contrary opinion.   In Hemphill's Est., 180 Pa. 87; in Eshbach's Est., 197 Pa. 153; and in Mooney's Est., 205 Pa. 418, there were remainder interests to be protected.   In Shower's Est., 211 Pa. 297, the Supreme Court pointed out the purpose of the testator that the income should not be liable for the debts of the beneficiaries or subject to anticipation by them. Spring's Est., 216 Pa. 529, appears to have been decided on the discretionary powers vested in the trustee.

The principle that underlies this case is clearly that of Culbertson's App., 76 Pa. 145, holding that where all parties in interest are sui juris, the trust may be ended by their agreement and that Julia Wood is the only party in interest under this will is perfectly clear.   The principle of Culbertson's Estate has been recently affirmed in Stafford's Est., 258 Pa. 595, where Mr. Justice MOSCHZISKER reviewed the authorities.   As therefore Julia Wood is the only person having any interest in the trust, we are of opinion that she is entitled to terminate the trust and receive it in her own right.

As to the trust for Mary Wood, who is now deceased. As we have stated, we are all of opinion that the award to her personal representatives was correct: Millard's App., 87 Pa. 457.   She was the only person interested, and the mere fact that she was given the power to dispose of the estate by will is an affirmance of the testator's intent that she should have control of the estate rather than a restriction upon her interest in it: Shallcross's Est., 13 Philadelphia 374.

The court dismissed the exceptions.   George Wood, trustee, and R. Francis Wood, substituted trustee, appealed.

*Errors assigned* were in dismissing the exceptions.

*James Wilson Bayard*, of *Prichard, Saul, Bayard & Evans*, for appellants.

*Owen J. Roberts,* of *Roberts, Montgomery & McKeehan,* with him *Conlen, Brinton & Acker,* for administrators of estate of Mary Wood, deceased.

*W. W. Montgomery, Jr.,* filed a paper book for Julia Wood, appellee.

PER CURIAM, June 3, 1918:

The decree in this case is affirmed, at the costs of the appellants, on the opinion of the learned court below dismissing the exceptions to the adjudication.

---

## Maslowski's Estate.

*Decedent's estate—Real estate—Order directing sale—Appeals—Interlocutory order—Appeal quashed—Practice, O. C.—Practice, Supreme Court.*

An order directing an administrator to apply for an order of court to sell the decedent's real estate for the payment of debts is interlocutory and an appeal therefrom to the Supreme Court will be quashed. If the sale in such case is made pursuant to such order an appeal will lie from the confirmation thereof.

Argued April 17, 1918. , Appeal, No. 196, Jan. T., 1917, from decree of O. C. Luzerne Co., No. 241 of 1915, directing administrator to apply for order of court to sell decedent's real estate in the estate of Rosalie Maslowski, Deceased. Before. BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Appeal quashed.

Petition for order directing an administrator to apply for leave to sell the decedent's real estate for the payment of debts. Before FREAS, P. J.

The opinion of the Supreme Court states the facts.

The court granted the prayer of the petitioner. Alexander Maslowski appealed.

*Error assigned* was the order of the court.