## Allen's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

HENDERSON, J., Auditing Judge.—The trust in this estate arose under the will of William Allen, Jr., who died December 19, 1865, whereby inter alia he gave the residue of his estate to his executors and trustees in trust to pay over the entire income to his wife Emma N. Allen so long as she remains his widow, further providing:

"Sixth: It is my will and desire that my dear wife shall be guardian to all my minor children as long as she remains my widow, at her death or intermarriage, my hereinafter named executors and trustees may appoint other guardians for my said minor children and in case of the intermarriage of my dear wife, my trustees hereinafter named shall pay to her one-third only of the entire income of my estate and shall secure the remaining two-thirds for the support of my surviving children.

"Seventh: It is my will and desire that my Executors and Trustees shall pay over to my sons their portion of my estate in fee simple at the death of my dear wife provided they have arrived at the age of twenty-one years and that the portion alloted to my daughters to be held by them or the survivor of them in trust and the income only be paid to my surviving daughters during their life."

Emma N. Allen died in 1879.

The testator was survived by four children, Henry W. Allen, Joseph Allen, Emma E. Walton and Lizzie L. Allen.

By adjudication filed July 22, 1879, the shares of the sons were awarded to them absolutely, and the shares of the daughters in trust as provided by the will.

Emma E. Walton, one of the daughters, died January 30, 1880, and her share was disposed of as hereinafter recited.

The fund accounted for is the share of the surviving daughter, Lizzie L. Turner (neé Allen).

Lizzie L. Turner requests that the sum of $1,500 be paid to her from the principal of the trust to meet certain of her obligations, and this request is joined in by Mabel T. Rodgers, her daughter and sole issue.

In my opinion, Lizzie L. Turner is the only party in interest and the trust should be terminated in its entirety.

The will indicates the thought of the testator that the entire beneficial interest in their shares was vested in the daughters. He speaks of "the portion alloted to my daughters", meaning the portion which they took under the intestate laws, subject to the life interest of their mother. While he directs that income only shall be paid to them for life, he does not cut down their ownership. There is no gift over to others, nor is any part thereof left to pass under the intestate laws.

My attention has been called to the adjudication of Penrose, J., filed April 7, 1880, upon the death of Emma E. Walton, the other of testator's daughters. She left to survive her a husband George W. Walton, and one child Mabel A. Walton, a minor. Judge Penrose said:

"The will of William Allen makes no disposition of the daughters' shares at their death. Is there an intestacy, or were they vested in the daughters? See Ogden's App., 20 Sm. [70 Pa.] 501. An implication perhaps would arise that they are to go to their children (See In Re Redfern, 6 Chancery Div. 133) ; but the point is far from being clear. The parties in interest, however, have agreed that the present estate shall go to the children of Emma E. Walton and, as set forth in the annexed agreement, the interest to be paid to her father for her benefit until her arrival at twenty one &c. &c. &c. This agreement is advantageous to the minor and is approved; and the estate is awarded accordingly."

Judge Penrose did not suggest which of the three points of view should be adopted.

My conclusion is that there was a vesting in the daughters, under the principle set forth in Carpenter's Estate, 8 D. & C. 512, 513.

"Where there is an absolute gift followed by other directions touching its enjoyment, or further limitations, which purposes do not exhaust the entire beneficial interest, and there is a failure of such purposes, then the absolute gift remains. The primary question is whether the original gift, standing by itself, carries an absolute estate, and the secondary question is whether, the original gift being ascertained to be absolute, it is essentially cut down by the qualifications or restrictions annexed to it."

As the conclusion "is far from being clear", the trustee is directed to file exceptions in order that it may be passed upon by the court in banc.

*James F. Mersereau*, for exceptant; *John C. Noonan*, contra.

GEST, J., June 30, 1933.—The testator directed that after his wife's death, his trustees should pay over to his sons "their portion of my estate in fee simple", and there can be no reasonable doubt that by the word "portion" he meant the share of his estate to which his sons would be entitled under the intestate law. Proceeding, he directed that "the portion allotted to my daughters" should be held by his trustees in trust, the income only to be paid to them during

their lives. To allot means to set apart a thing to a person as his share; to parcel out in portions or shares; to divide or distribute: Century Dict. In Hancock et al. v. Watson et al. [1902] A. C. 14, the word "allotted" was used in a case of this kind. The testator may readily have thought that his executors would divide his estate among his children. Here again no reasonable doubt can exist that by the portion allotted to his daughters the testator meant their equal shares of his estate, as determined by the intestate law, and allotted to them by his executors.

The testator therefore in effect devised his entire estate after his wife's death among his two sons and two daughters, the sons to receive their portions absolutely, and the portions of his daughters to be subject to a trust during their lives. No remainders are given after their deaths, and consequently the auditing judge held that the case fell within the principle of Carpenter's Estate, 8 D. & C. 512.

It was, indeed, argued by the learned counsel for the exceptant that there was a gift by implication to the children of the daughter after her death, and Re Redfern, 6 Ch. Div. 133, referred to by Judge Penrose in a prior adjudication, was cited. But that case belongs in a different class, and there was sufficient in the Redfern will to enable the court to interpolate such a clause apparently omitted by a scrivener's blunder. There is nothing whatever in the will before us from which such an inference can be drawn. Interpolation can only be decreed with extreme caution: Lyle's Estate, 4 D. & C. 67.

As, therefore, the life estate is not subject to a spendthrift trust or other restriction, and there is no remainder over, there is no reason why the trust should not be terminated, as Lizzie T. Turner, the daughter of the testator, is the only party in interest: Wood's Estate, 261 Pa. 480.

The exceptions are dismissed and the adjudication is confirmed absolutely.