## Smith's Estate

Before Van Dusen, P. J., Klein, Bolger, Ladner, and Hunter, JJ.

*Homer H. Hewitt, Jr., Frank W. Melvin,* and *Henry S. Drinker,* for the exceptants.

*William R. Reynolds,* contra.

HUNTER, J., April 5, 1946.—It was undoubtedly the intention of this testator that his estate remain as a perpetual charitable trust, and that income and not

principal be used for the purposes mentioned. It is equally clear that he expected the property to remain in the hands of the trustee appointed by him, as an undivided trust, for the benefit of the three designated institutions.

These institutions, the Genealogical Society of Pennsylvania, the University of Pennsylvania, and the Pennsylvania Hospital, ask that the trust be terminated. They invoke the rule, applicable to a trust for individuals, that where the sole purpose of the trust is the convenience of the beneficiaries, and the duties of the trustee are merely those of investment and payment of income, it is their right to terminate the trust: Stafford's Estate, 258 Pa. 595; Wood's Estate, 261 Pa. 480; Bowers' Trust Estate, 346 Pa. 85. They maintain that they are well equipped to invest the funds, and submit that they will faithfully carry out the purposes of the testator, subject to the continuing supervision of this court.

There is a distinction between a trust for an individual and one for charity where the obvious purpose of the testator is to protect the property from diversion and waste, and to preserve it in perpetuity as a memorial. It is the right of a donor to condition or limit his gift as he pleases, where no policy of the law is infringed. For these reasons charitable trusts were sustained in Unruh's Estate, 248 Pa. 185, and Baughman's Estate, 281 Pa. 23; and we are unable to distinguish these decisions of the Supreme Court from the present case.

Had we discretion to classify charitable corporations and to determine that some were well and prudently managed, and others not, we would unhesitatingly find that the testator's gifts would be safe in the hands of the governing bodies of the institutions here named. The power of decision, however, was in the testator himself, and his wishes should be observed. As was said by

Mr. Justice Simpson in Baughman's Estate, supra (p. 40):

"A substituted method is not his method, and is not permissible, unless necessary to give effect to his expressed purpose."

The auditing judge has discussed the matter with learning and care, and little can be added to his well considered adjudication.

The exceptions are dismissed and the adjudication is confirmed absolutely.

Sinkler, J., did not participate in the decision of this case.