## Craig's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*Edward F. Hitchcock*, for exceptant.

*R. M. Remick*, of *Saul, Ewing, Remick & Saul*, contra.

VAN DUSEN, P. J., June 13, 1946.—Testatrix gave $25,000 to the trustees of the Central Presbyterian Church to be retained, after payment of any mortgages on the church properties, as a permanent fund, and the income used in keeping the church and church properties in order, and for such other church purposes as the trustees may direct.

The Central church merged with the North Broad Street Church under the name of Central North Broad Street Presbyterian Church, and in the charter of the consolidated church it was provided that the endowment funds of the two churches shall "for the safekeeping and preservation of the capital funds intact" be held under a deed of trust and placed in the custody of a trust company, and of the president, treasurer and two members of the church as cotrustees, and the income applied according to the terms and conditions of the union.

By decree entered February 1, 1915, this court appointed the five trustees mentioned above "substituted trustees under the will of Catharine H. Craig, Deceased".

The Presbytery of Philadelphia, which is the superior judicatory of the church under the Presbyterian system of church government, having found that the Central North Broad Street Presbyterian Church had "ceased to support public worship within the intent and meaning of its articles by reason of the shifting of the population, withdrawal of members, and lack of qualified leadership", declared the church dissolved as of July 20, 1943; and by decree of Court of Common Pleas No. 1, entered January 7, 1944, the church corporation was dissolved and the property of the church declared to be the property of "The Trustees of the Presbytery of Philadelphia", which is a corporation formed by the Presbytery of Philadelphia to take and hold title to its property.

The four individual trustees appointed to hold the present fund have resigned. Fidelity-Philadelphia Trust Company, the corporate trustee, stated that it had no desire to continue if it was not wanted, and would be willing to resign if the court determined that the "Trustees of the Presbytery of Philadelphia" is qualified under its charter and under the laws of the Commonwealth of Pennsylvania to act as fiduciary.

The auditing judge awarded the fund to the Fidelity-Philadelphia Trust Company, remaining substituted trustee, for the uses and purposes of the trust under the will of the testatrix, to use the income for church purposes within the jurisdiction of the Presbytery of Philadelphia, limited, however, to churches located in the County of Philadelphia, as the presbytery shall recommend and request.

The Presbytery of Philadelphia, the exceptant, contends that the fund now before the court should be awarded to "The Trustees of the Presbytery of Philadelphia" in trust, the income to be used for church purposes as the presbytery may direct within the jurisdiction of the said presbytery, being the Counties of Philadelphia, Delaware, Montgomery, Bucks and Berks, Pennsylvania.

"The Trustees of the Presbytery of Philadelphia" by its charter has power to receive and hold property in trust for the purposes specified by will or deed, which power is confirmed by the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 306, 15 PS §2851-306, as amended by the Act of July 2, 1937, P. L. 2838, which provides that religious corporations may hold trust property for the purposes set forth in their articles. See also Banking Code of May 15, 1933, P. L. 624, sec. 1506, 7 PS §819-1506, as amended by the Act of January 2, 1934 (Sp. Sess.), P. L. 128, which preserves the right of the court or testator to appoint a corporation to execute a trust for its own use within its purposes.

It should also be noted that the fund in the first instance was given directly to the Trustees of the Central Presbyterian Church, and not to a separate trustee named by the testatrix. The substitution of the Fidelity-Philadelphia Trust Company and the four officials and members of the church as trustees was the act of the church itself made under the terms of the consolidation agreement between the Central and North Broad Street churches, and confirmed by this court.

The trust created by the will of testatrix is not a trust in the technical sense of that word as it is used between individuals: Restatement of the Law of Trusts, p. 1093. Where a gift is made directly to a charitable or religious body for purposes which are within the powers of the corporation, it is a trustee for itself, and holds for the purposes specified in the gift. It is, however, a trust in the sense that the fund does not merge into the general property of the corporation but remains under the jurisdiction of a court of equity. Equity has power to define the trust and to restrain any violation of it. See Wilson v. Board of City Trusts, 324 Pa. 545.

The control which civil courts have over charitable trusts in general must be exercised cautiously in the case of religious uses. Freedom of religion and separation of church and state are at the foundation of our Government. The state itself cannot conduct religion, and its courts cannot advise on such matters.

In Pennsylvania the control and disposition of church property is subject to the rules and regulations of the religious body to which the church belongs: Act of June 20, 1935, P. L. 353, 10 PS §81; Canovaro v. Brothers of St. Augustine, 326 Pa. 76; but both that act and the decision cited recognize that donations and gifts in trusts lawfully established by wills or reserved in writing must be preserved and given due effect: an all-sufficient reason being given in Brown v. Hum-

mel, 6 Pa. 86, 95, namely, that the hand of private benevolence be not stayed and checked by the conviction that the will of the donor may not be preserved. See also Tabor Presbyterian Church Dissolution Case, 347 Pa. 263.

If this testatrix's gift had been to a trustee other than the church itself, it is clear we would be bound to sustain the trust in the hands of such trustee and refuse any request by the church or its successor for the possession of the assets, whether in the guise of a substituted trustee or otherwise. See Unruh's Estate, 248 Pa. 185, and Baughman's Estate, 281 Pa. 23, which were cited in an opinion of this court filed April 5, 1946, in Smith's Estate, 56 D. & C. 60.

This testatrix did not create an active trust of this nature, but gave the fund directly to the church corporation with the direction, however, that it be retained as a permanent fund to be separately invested and the money used for the care of the church and church property. There would be no violation of the intent of testatrix if the fund were to be returned to the custody of the church corporation.

The church is dissolved and the Presbytery of Philadelphia has succeeded to its property rights, both by virtue of the laws of the Commonwealth and the rules and regulations of the Presbyterian denomination.

The auditing judge, mindful of our duty in appointing substituted trustees, to approve only such as will act sympathetically to and in harmony with the purposes of the trust, felt because the presbytery has claimed the right to virtually abrogate the trust, it would be unwise to appoint their nominee, viz, Trustees of the Presbytery of Philadelphia, as trustee. However, upon further consideration he now agrees with us that deviation, except as decreed by us under our cy pres powers, can be just as adequately guarded against by

our retaining a supervisory jurisdiction over the disposition of the income of the fund, and that the trust could be more economically administered by the corporation of the presbytery set up for that purpose. In the recent case of Lehigh University v. Hower, 159 Pa. Superior Ct. 84, at p. 93, it is held under the cases there cited that this court, with its control and direction of trustees in the use and disposition of property belonging to corporate charities, exercises broad visitorial and supervisory powers of the Commonwealth, and its jurisdiction is exclusive.

It is our opinion, therefore, that the present trustees should be allowed to resign and the fund awarded to the corporation known as "The Trustees of the Presbytery of Philadelphia" to be held in trust under the third item of the will of Catharine H. Craig, deceased, and the principal retained and invested as a permanent fund, to be known as the John Craig Memorial Fund. The said corporation is directed [in accordance with the provisions of the Nonprofit Corporation Law, supra] to keep accurate accounts of said trust fund, separate and apart from all other funds of the corporation.

As the income of the trust cannot be applied in exact conformity with the directions of the testatrix, the Central Presbyterian Church having ceased to exist, it is the duty of this court to decree that the income be applied to like purposes under the cy pres doctrine: Wilkey's Estate, 337 Pa. 129. We approve the orders of the auditing judge in this respect and direct that the income be applied for general church purposes by the Presbytery of Philadelphia, for churches within its jurisdiction, limited, however, to such church or churches as may be physically located in the County of Philadelphia. Supervisory jurisdiction of the trust is retained and leave given to the presbytery or any party in interest to apply from time to time, or as the occasion may demand, for the right to use the income for such further purposes as this court under its cy pres

powers may decree to be consistent with the purposes of the trust.

The exceptions are sustained insofar as they relate to the refusal of the auditing judge to award the fund to the Trustees of the Presbytery of Philadelphia, and in all other respects the exceptions are dismissed.

---

NOTE.—The same question was involved in a similar conclusion reached in opinions by President Judge Van Dusen filed on the same day in Summers' Estate (October term, 1896, no. 169), Forsman's Estate (April term, 1905, no. 75), and The Central North Broad Street Presbyterian Church (Sunday School Fund) (no. 3221 of 1943).