McClain Estate.

Argued May 26, 1969. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*T. Dean Lower,* for appellant.

*James A. Strite,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1969:

This is an appeal from the Decree of the Orphans' Court of Fulton County, dismissing appellant's exceptions to the auditor's report and approving the schedule of distribution.

Testatrix Lena B. McClain died February 25, 1964, in Fulton County, Pennsylvania. A typewritten will (apparently drawn and written by testatrix), dated February 11, 1961, was duly probated. Testatrix made numerous cash bequests to named individuals and to charitable institutions, and also made some bequests of china to certain individuals. The controversial residuary clause of the will reads as follows: "The rest—residue and remainder of my estate, whether real—personal or mixed, I authorize, empower and direct my executors[*] herein named to sell the same at either private or public sale. *The proceeds therefrom to be used for Scholarships. To be directed by Fred D. Lamberson.*"[**]

The executors filed a first and partial account, together with a schedule of distribution proposing payment of all the cash bequests. The balance of decedent's estate, after payment of all the cash and the specific bequests, amounted to $59,715.56, of which sum the accountants allocated $48,715.56 as a contingency for payment of taxes, debts of the estate, and for further distribution. The accountants filed a petition with the Orphans' Court for the appointment of an auditor to construe the meaning of the residuary clause in order to distribute the remaining $11,000, as well as to rule upon other exceptions to the account, which are not here relevant.

---

[*] More accurately, executrices.
[**] Italics throughout, ours.

An auditor was appointed and, after a hearing, disposed of all objections filed to the account, and concluded that the residuary clause of testatrix's will created a valid charitable trust. An exception to this conclusion was filed by appellant, who as one of the heirs would inherit if the residuary clause were invalid. The lower Court, after oral argument, dismissed appellant's exceptions and confirmed the auditor's report. This appeal followed.

Appellant contends that the term "scholarships" is indefinite and is susceptible of noncharitable as well as charitable meanings and purposes, and therefore is so indefinite and uncertain as to be void. Numerous authorities have supported the view that scholarships are charitable in nature. " 'Charity' or 'charitable purposes' includes but is not limited to the relief of poverty, *the advancement of education,* the advancement of religion, the promotion of health, governmental or municipal purposes, and other purposes the accomplishment of which is beneficial to the community." Estates Act of April 24, 1947, P. L. 100, §1, 20 P.S. §301.1; see also, Estates Act of April 24, 1947, P. L. 100, §10, 20 P.S. §301.10. Similarly, the Restatement of Trusts (Second), §368, includes the advancement of education as a charitable purpose.

In *Funk Estate,* 353 Pa. 321, 45 A. 2d 67, Justice (later Chief Justice) HORACE STERN said (page 325): ". . . [I]f there be any doubt [as to the meaning of a challenged charitable gift], a testator is presumed to intend the meaning which makes his gift legally effective rather than one which renders it nugatory and void: . . ." See also, *Little Estate,* 403 Pa. 247, 168 A. 2d 738.

We believe the testatrix intended this gift of "scholarships" to be used for a charitable purpose or purposes to be selected by Fred D. Lamberson in his

capacity as trustee, and it was consequently a valid charitable trust.

The absence of the word "trust" or "trustee" in the residuary clause of the will is not controlling in a determination of whether a valid trust was created. In *Thompson Will*, 416 Pa. 249, 206 A. 2d 21, this Court said (page 255): "While the presence or absence of the words 'in trust' or 'trustee' must be given consideration, the presence or the absence of such words is not controlling in determining the existence or nonexistence of a trust: Tunnell's Estate, 325 Pa. 554, 190 A. 906; Sheets' Estate, 52 Pa. 257."

The Schedule of Distribution which was approved by the Orphans' Court provided: "Fred D. Lamberson, Trustee, in trust for scholarships under a plan of administration to be approved by the Court, . . ." This was both lawful and wise.

Decree affirmed; costs on appellant.

Mr. Justice JONES took no part in the consideration or decision of this case.