**Estate of Thomas**

---

4. 7/29/13 Petition, ex. (Undated will).

C.P. of Philadelphia County, O.C. No. 1460 DE of 2013

HERRON, *J.*, May 12, 2014—

## Introduction

The petition filed by the granddaughter of decedent Elaine Thomas raises the issue of whether decedent's will created a trust that qualifies as the beneficiary Ms. Thomas designated to receive her life insurance proceeds. According to a representative of the Federal Employee Group Life Insurance Program, Ms. Thomas designated the "trustee(s) or successor(s) as provided in last will" as the beneficiary of her life insurance policy. Although this insurance company representative concluded that Ms. Thomas's will did not create the designated beneficiary, upon review of the will and controlling precedent that opinion is without merit. For the following reasons, the will of Elaine Thomas creates a trust that manifests her clear intent that her insurance proceeds should be distributed to Ashley Super, "as executor of my estate and insurance" so that Ms. Super can distribute the proceeds in accordance with Article 3 of the will.

## Factual Background

Elaine B. Thomas died on December 30, 2012 leaving a Will dated July 18, 2012. In Article 1 of her Will, Elaine Thomas states that "I appoint Ashley Super, my granddaughter, as executor of my estate and insurance." After bequeathing her personal belongings at 2113 Walnut Lane to her two children, Keenya Banks-Bryant and Troy Thomas, Ms. Thomas set forth an elaborate scheme of outright gifts and trusts to relatives and friends in Article 3 of her Will. Significantly, Article 3 specifically references her life insurance policy which Ms. Thomas wished to distribute as detailed in that Article:

Article 3: Life Insurance Policy

I have a life insurance policy of this I give:

After making this specific reference to her life insurance policy, Ms. Thomas carefully outlined specific bequests to granddaughters, nephews, nieces, sister and friends. Article 3 also provided for a "Walnut Lane Maintenance Fund" of $20,000 to be used solely to maintain 2113 Walnut Lane as managed by her daughter Keenya Banks-Bryant, or if she is unable to perform this role, by Ashley Super. Finally, Article 3 provides:

> After all matters of insurance have been taken care of, the remainder of the money's shall be split equally and put into separate trust accounts for Troy Thomas (My son) and Keenya Banks-Bryant (My daughter). The moneys shall be distributed in a onetime payment of ten thousand dollars to each Troy and Keenya, and the rest shall be disbursed in monthly payments of $1,000 until the trust funds are exhausted.

After Elaine Thomas died on December 20, 2012, Ashley Super contacted the Office of Federal Employees' Group Life Insurance Program (OFEGLI) to collect the benefits due under the life insurance policy that had insured Elaine Thomas. In response, she received a July 8, 2013 letter denying this request from Tricia Baker of MetLife Insurance Company which pays claims for the OFEGLI. Ms. Baker explained that by law the OFEGLI "must pay the life insurance benefits to the beneficiary according to federal law as described in the enclosed order of payment document." The letter then stated that the most recent beneficiary that had been designated by Elaine Thomas was "trustee(s) or successor(s) as provided in last Will." Ms. Baker concluded that upon review of Elaine Thomas's last will, "she did not name a trust or appoint a trustee." Due to this failure to designate a beneficiary, the proceeds would go instead to "our enclosed order of

payment document" which would be to the children of Elaine Thomas.[1]

In response to this rejection letter, Ashley Super filed a petition seeking a determination by Orphans' Court that Elaine Thomas had created a trust in her will that would qualify as the beneficiary she had designated under her insurance policy. This petition was opposed by Keenya Banks-Bryant, the daughter of Elaine Thomas, who posed various arguments that are not always clear. At one point, she argues that her mother's will did not create a trust,[2] and as a consequence, the life insurance proceeds should be distributed to the surviving children of Ms. Thomas. In a subsequent pleading, Ms. Banks-Bryant argues that the will did not change the beneficiary that had been designated by Elaine Thomas to receive her life insurance proceeds,[3] thereby misstating the central issue which is identifying the beneficiary Elaine Thomas designated to receive her life OFEGLI life insurance proceeds.

## Legal Analysis

In this case, it is undisputed that Elaine B. Thomas designated her "trustee(s) or successor(s) as provided in last will" as the beneficiary of her life insurance policy with OFEGLI. There are a plethora of Pennsylvania cases that focus on whether a beneficiary has been changed by operation of statute[4] or by the substantial efforts of the insured prior to death.[5] This case, however, does not

---

1. *See* 10/29/13 Ashley Super petition, ex. B (7/8/13 letter from Tricia Baker).
2. 11/13/13 Keenya Banks-Bryant objection to petition; 1/21/14 Keenya Banks-Bryant answer.
3. 1/21/14 Keenya Banks-Bryant answer.
4. *See, e.g., Estate of Sauers*, 613 Pa. 186, 32 A.3d 1241 (2011) (Under ERISA, section 6111.2 of the PEF Code is preempted as to life insurance proceeds).
5. *See, e.g., Alkhafaji v. TIAA-CREF*, 69 A.3d 219 (Pa. 2013)

involve a change in designated beneficiary.[6] Those cases do not apply here. In fact, the petitioner has no dispute as to the designated beneficiary of Elaine Thomas's policy nor does she argue that it was or should be changed. What petitioner does dispute is the legal opinion rendered by the case management specialist for MetLife that Elaine Thomas's will did "not name a trust or appoint a trustee" that would qualify as a designated beneficiary.[7] This administrative opinion, however, cannot stand. In her will, Elaine Thomas expressed a clear intent that Ashley Super should be the "executor of her life insurance policy" and that she should distribute the life insurance proceeds as set forth in Article III of the will. In so doing, Elaine Thomas effectively named Ms. Super as the trustee of those proceeds with clearly defined tasks in administering the life insurance proceeds.

It has long been held in Pennsylvania that the polestar of any analysis of the will of Elaine Thomas is her intent. *In re Hirsh's Estate*, 334 Pa. 172, 179, 5 A.2d 160, 163 (Pa. 1939)("The 'polestar' long fixed for the guidance of courts in interpreting deeds of trust, as in interpreting wills, is the intention of the maker"). In seeking to discern that intent, a court must be guided by the plain language of the

(Decedent did not substantially comply with procedures for changing TIAA-CREF beneficiary by will that was not sent to TIAA-CREF in timely fashion). Respondent Keenya Banks-Bryant cites *Alkhafaji* to support an argument that decedent could not change her insurance beneficiaries with her will. *See* 1/21/14 answer by Keenya Banks-Bryant at (unnumbered) 3 ("Therefore, as decedent did *not* and was required to notify her insurance company of change of beneficiaries, and her drafting of a will can not serve to change beneficiaries of the insurance policy").

6. In her brief, respondent invokes precedent on the requirements for changing a designated beneficiary by complying with the requirements of the policy, but that is not at issue in this matter. 2/21/14 Keenya Banks-Bryant brief at (unnumbered) 2.

7. 10/29/13 Ashley Super petition, ex. B (7/8/13 letter for MetLife/FEGLI by Tricia Baker).

document. *Id.* 334 Pa. at 178-9, 5 A.2d at 163. Particular sections should not be viewed in isolation but instead the will must be construed as a whole in the context of the surrounding circumstances. *O'Reilly's Estate,* 371 Pa. 349, 353, 89 A.2d 513, 514-15 (1952); *Estate of Weaver,* 390 Pa. 128, 131. 134 A.2d 675, 676 (1957); *Walker's Estate,* 376 Pa. 16, 22, 101 A.2d 652, 655 (1954). In rejecting petitioner's request for the life insurance proceeds under Elaine Thomas's policy, the case management specialist interpreted her will to conclude that it did not create a trust or name a trustee.[8] Numerous cases have held, however, that the words "trust" or "trustee" are not essential for the creation of a trust by a will. *See, e.g. Estate of McClain,* 435 Pa. 408, 411, 257 A.2d 245, 246 (Pa. 1969)("The absence of the word 'trust' or 'trustee' in the residuary clause of the will is not controlling in a determination of whether a valid trust was created"); *Ranney v. Byers,* 219 Pa. 332, 334, 68 A.971 (1908)("Even the words 'trust' or "trustee' need not be used, but the language employed must be such as to disclose with certainty the purpose to create a trust"); *Sheets' Estate,* 52 Pa. 257 (Pa. 1866)("There is no magic in the word trustee" and no "particular form of words is necessary to create a trust").

Under long standing Pennsylvania precedent, courts determine whether a will establishes a trust by analyzing the will as a whole rather than fixating on magic words like "trust" or trustee." In *Sheets' Estate,* for instance, the court concluded the testator had created a trust and that the executor was, in fact, a trustee: "[t]he duties imposed and the powers given to the executor in the will now before us, are such as necessarily to constitute him a trustee." *Sheets' Estate,* 52 Pa. 257 at *8. It noted that such

---

8. *See* 10/29/13 Ashley Super petition, ex. B (7/8/13 letter from Tricia Baker).

powers as paying income annually to beneficiaries was more the role of a trustee than an executor. Similarly, in *Estate of McClain*, 435 Pa. 408, 257 A.2d 245 (Pa. 1969), the following provision in a will was interpreted by the Pennsylvania Supreme Court as, in reality, creating a trust and appointing a trustee:

> The rest-residue and remainder of my estate, whether real-personal or mixed I authorize empower and direct by executors herein named to sell the same at either private or public sale. The proceeds therefrom to be used for Scholarships. To be directed by Fred D. Lamberson.

*Estate of McClain*, 435 Pa. at 409, 257 A.2d at 246.

In interpreting this will, the *McClain* court emphasized that despite "absence of the word 'trust' or 'trustee,'" this residuary clause created a scholarship trust and named Fred Lamberson as trustee." *Id.*, 435 Pa. at 411, 257 A.2d at 246.

More recently, the Pennsylvania Uniform Trust Act has set forth five general criteria for determining whether a trust has been created without requiring that the words trust or trustee be employed. Under 20 Pa.C.S. § 7732, for instance, "a trust is created only if:"

(1) the settlor has capacity to create a trust;

(2) the settlor signs a writing that indicates an intention to create the trust and contains provisions of the trust;

(3) the trust has a definite beneficiary....

(4) the trustee has duties to perform;

(5) the same person is not the sole trustee and sole

beneficiary of the trust.

Significantly, section 7732 does not require a "trust document" but instead "a writing that indicates an intention to create the trust and contains provisions of the trust." Respondent Keenya Banks-Bryant does not challenge the capacity of Elaine Thomas in either executing her will or creating a trust. Nor is there any dispute that Elaine Thomas signed her will. The key issue is whether the will creates a trust with beneficiaries and a trustee with duties to perform. In her will, Elaine Thomas clearly appoints Ashley Super as "executor of my estate and insurance." When this appointment is read in the context of the will as a whole, in particular with Article 3, it is clear that Ms. Super has been placed in trust of managing the life insurance proceeds with numerous, clearly defined responsibilities. She is charged, for instance, with placing $20,000 in a trust account for Kareema Thomas and with making sure there are monthly disbursements of $2,000 until that fund is exhausted. Ms. Super is required to place $15,000 in a trust account for Avery Super which is to be held until Avery reaches the age of 18, at which point $1500 a month is to be distributed until the funds are exhausted. Likewise, Ms. Super is directed to place $15,000 in a trust account for Taylor Thomas until he reaches 18, when she is required to distribute $1500 a month until the fund is exhausted.

Respondent Keenya Banks-Bryant challenges the validity of this trust by citing *In re Wood's Estate*, 261 Pa. 480, 104 A. 673 (1918) for the proposition that "a testamentary trust is not proper when it appears that the trustee has no function except merely to apply all the proceeds of the trust corpus to the personal use of the

beneficiary as she might require it."[9] While this argument distorts the rationale of *Wood's Estate*, it also misses the point at issue here because Elaine Thomas's will charges Ms. Super with numerous duties and not just distributing the corpus to the sole use of one beneficiary. The respondent also misrepresents the significance of 20 Pa.C.S. § 6108 as to the designation of insurance policy beneficiaries as not being testamentary.[10] While it is true, as respondent asserts, that section 6108 provides that designations of beneficiaries of life insurance are not testamentary and shall not be considered part of a decedent's estate, this section does provide for the distribution of life insurance proceeds to a trust created by a will:

> This section shall apply regardless of whether the insurance contract or the employee benefit plan designates the ultimate beneficiaries or makes the proceeds payable, directly or indirectly, to a trustee of a trust under a will or under a separate trust instrument which designates the ultimate beneficiaries, and regardless of whether any such trust is amendable or revocable, or both, or is funded or unfunded, and notwithstanding a reservation to the settlor of all rights of ownership in the insurance contracts or under the employee-benefit plans. Unless otherwise expressly provided in the conveyance, funds, or other property so passing to a trust under a will shall become and be

---

9. 11/13/13 objection by Keenya Banks-Bryant at (unnumbered) 2-3, citing *In re Wood's Estate*, 261 Pa. 480, 482-83, 104 A. 673, 673 (1918). Although respondent appears to use this case to determine whether a viable trust is created, *Wood's Estate* focuses instead on whether a trust may be terminated based on the agreement of the beneficiary and the trustees. That is not at issue in this dispute. Likewise, respondent's reliance on *Estate of Weeks*, 485 Pa. 329, 402 A.2d 657, 658-59 (1918) is misdirected since that case likewise deals with the termination of a trust and not with whether it exists.

10. *See* 2/21/14 Keenya Banks-Bryant petition at (unnumbered) 3.

a part of the testamentary trust to be administered and disposed of in accordance with the provisions thereof, without forming any part of the testator's estate for administration by his personal representative.

20 Pa.C.S. §6108.

As petitioner convincingly argues, in this case Elaine Thomas's estate and trust are distinct, but Elaine Thomas intended "Ashley Super to administer both, acting in a dual capacity as both executor and trustee under the Will."[11] Ashley Super's distinct responsibilities as trustee for the life insurance policy proceeds are detailed in Article 3 of the will. Likewise, the other requirements of section 7732 are satisfied. The trust has more than one beneficiary and the same person is not the sole beneficiary and sole trustee of the trust.

## Conclusion

For these reasons, the insurance proceeds for Elaine Thomas should be distributed as directed by Elaine Thomas's written designation for her life insurance beneficiary to Ashley Super for distribution and administration as set forth in Article 3 of the will.

---

11. 3/5/14 Ashley Super brief at 17.