McCune, Executor, v. Baker, Trustee, Appellant.

*Will—Absolute estate—Dry trust.*

Testator directed as follows: "I give devise and bequeath to my daughter Amanda F. Baker five hundred dollars, to be placed in the hands of James Calvin Baker my son for the use of her during her lifetime and to act as trustee for her." *Held*, that the daughter took an absolute and not a life estate in the legacy.

It is to be noticed that no separate use is created. No active duties are imposed upon the trustee. No gift over to take effect on her death is made. Without the words that create the trust the gift is absolute beyond all question; but the trust is dry, and in the absence of a gift over the effect of the gift to his daughter is to be determined as though the testator had made no direction about the custody of the fund during her life: PER CURIAM.

Argued April 26, 1893. Appeal, No. 180, Jan. T., 1892, by defendant, James Calvin Baker, trustee under will of David Baker, deceased, from judgment of C. P. Cumberland Co., in favor of E. J. McCune, executor of Amanda Baker, deceased, on case stated. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Case stated to determine ownership of legacy under will of David R. Baker, deceased.

From the case stated it appeared that David R. Baker died on March 15, 1883, leaving a will by which he made the following bequest: "I give, devise and bequeath to my daughter, Amanda E. Baker, five hundred dollars, to be placed in the hands of James Calvin Baker, my son, for the use of her during her lifetime, and to act as trustee for her."

James Calvin Baker accepted the trust, received the $500 from the estate of David R. Baker, and acted as trustee until the death of Amanda E. Baker, Oct. 21, 1891. By her will, dated Aug. 29, 1891, she bequeathed said legacy to her daughter, Emma Eckert.

The case stated concluded as follows:

"If the court be of the opinion that the said Amanda E. Baker took an absolute estate in said bequest of $500 under the will of David R. Baker, aforesaid, then judgment is to be entered for the plaintiff for the sum of $443.21, found in the hands of said trustee, by his account confirmed to March term, 1892, of the orphans' court. But if the court be of the opinion that she only took a life estate, and the said bequest at her death went to the residuary legatees under the will of the said David R. Baker, then judgment is to be entered for the defendant."

Judgment for plaintiff on case stated. Defendant appealed.

*Error assigned* was entry of above judgment.

*J. W. Wetzel, W. A. Kramer* with him, for appellant, cited : Bentley v. Kauffman, 86 Pa. 99; Ritter's Est., 1 Adv. R. 693 [148 Pa. 577]; Eichelberger's Ap., 135 Pa. 172; Livezey's Est., 106 Pa. 204.

*M. C. Herman,* for appellee, cited: Kay v. Scates, 37 Pa. 37; Dodson v. Ball, 60 Pa. 496; Smith's Ap., 23 Pa. 9; Stehman's Ap., 45 Pa. 398.

PER CURIAM, May 22, 1893:

We agree with the court below in the effect of the will of David R. Baker. He gave by apt words to his daughter the sum of five hundred dollars, adding these directions, "to be placed in the hands of James Calvin Baker my son for the use of her during her lifetime, and to act as her trustee." The contention of the appellant is that these words reduced her interest in the gift from an absolute to a life estate. But it is to be noticed that no separate use is created. No active duties are imposed upon the trustee. No gift over to take effect on her death is made. Without the words that create the trust the gift is absolute beyond all question ; but the trust is dry, and in the absence of a gift over the effect of the gift to his daughter is to be determined as though the testator had made no direction about the custody of the fund during her life. The words of gift are "I give, devise and bequeath to my daughter

Amanda F. Baker five hundred dollars." The effect of these words is clear. They gave an absolute estate. This estate was not reduced to one for life by the added direction creating a dry trust.

The judgment is affirmed.