# In re Estate of George G. Jeremy. Appeal of Theodore R. Jeremy.

*Will—Intestacy—Trust—Estate in fee simple.*

Testator after making certain bequests, directed by his will as follows: "Third. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my beloved wife for and during her natural life. Fourth. After the death of my wife the estate to be held in trust for my two nieces (naming them) share and share alike. To be held in trust until both are of legal age." *Held,* (1) that there was no intestacy under the will; (2) that the nieces took estates in fee simple after the death of the widow.

Argued Nov. 6, 1896. Appeal, No. 191, Oct. T., 1896, by Theodore R. Jeremy, from decree of O. C. Allegheny Co., Nov. T., 1894, No. 82, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the lower court which was as follows:

By holographic will Mr. Jeremy provided inter alia as follows :

" Third. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my beloved wife Kate Jeremy for and during her natural life.

" Fourth. After the death of my wife Kate Jeremy the estate to be held in trust for my two nieces, Bessie and June Jeremy, daughters of my brothers Will M. and Alfred H. Jeremy, share and share alike.   To be held in trust until both are of legal age."

Mr. Jeremy was not learned in the law.   He left a widow, Kate Jeremy, since deceased; and one son, who was not mentioned in the will, and who insists that Bessie and June Jeremy have no beneficial interest beyond their majority, and that consequently there was intestacy in respect of the remainder after that event.

OPINION.

Had this testator's disposition of his residuary estate stopped with the words " share and share alike " there could have been no doubt but that his nieces would have taken an absolute beneficial interest in the remainder.   His declared purpose was to dispose of " all " his residuary " estate," and therefore of " all " that he had both in quantity and quality : Busby v. Busby, 1 Dal. 226.   " I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal," said testator, " to my beloved wife, Kate Jeremy, for and during her natural life," and " After the death of my wife . . . . the estate to be held in trust for my two nieces . . . . share and share alike."   This plainly made a complete disposition of " all " the residuary estate.   No active trust having been expressly imposed upon the trustees, nor implied after both cestuis que trustent had attained majority, the trust must have become executed, and the legal and equitable estate vested in them.   There is no mention of ulterior object, no limitation of the beneficial use intended for these nieces, and no intestacy.   Had any limitation been intended there was the appropriate place, and a slight change would have made it, but the clause was left absolute in its terms.

Did the testator intend by the following clause to cut down the estate so given to an interest during the minority of both his nieces?   If so, they may never realize any benefit whatever, notwithstanding the testator's express declaration

that the "estate" should "be held" for them "after" his wife's death; for she might survive the majority of both. The testator cannot be supposed to have intended so glaring an absurdity. While there is no doubt that of two contradictory clauses in a will the first must yield to the second; yet the clearly expressed intent of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced intention: Hiestand v. Meyer, 150 Pa. 501. This testator's distinctly announced intention in the first instance was, as has been seen, that his widow and nieces should have his whole residuary estate. The purpose of the trust declared for his nieces was simply to point out the mode of holding their estate. Their beneficial interest was not dependent on the trust, but was vested. The trust itself must, by operation of law, have ended at their majority, and their estate became absolute "after" the widow's death. The following clause, out of which the question here arises, was probably suggested by the afterthought that, on the nieces attaining their majority, they would be capable of taking care of their estate, and there need be no further trust, and was but an expression of what the law would have implied. Giving to the clause a construction most favorable to the heirs, it raises but a bare implication as against an absolute gift to these nieces, and must, in accordance with the well settled rule, yield: Seitz v. Pier, 154 Pa. 467. But even if a limitation of the trust till the majority of the nieces had been incorporated in the first instance, they would, under the authorities, in the absence of a gift over, have taken an absolute beneficial estate in remainder by implication. Thus in Wilks v. Williams, 2 J. & H. (Eng. Chan.) 125, where there was a bequest after a life estate of a residue in trust "until" the legatee attain twenty-one years, it was held that an absolute estate passed, and similar language used in Newland v. Shephard, 1 Eden (Eng. Chan.), 194; Read v. Rowell, 1 Eden (Eng. Chan.), 479; Atkinson v. Pierce, 1 Br. C. C. 91, and Hale v. Beck, 2 Eden (Eng. Chan.), 229, was construed in the same way. No Pennsylvania decision exactly in point has been found, but the principle upon which these cases rest, the creation of an absolute estate by implication, has been

repeatedly recognized and applied. Thus introductory words have been carried down to the body of the will to show an intent to give an absolute estate : Schriver v. Meyer, 19 Pa. 87, and the absence of a gift over to imply a fee : Dilworth v. Gasky, 131 Pa. 343. So in Busby v. Busby, supra, the principle was recognized that "a giving over on a dying before twenty-one shows an intention that, if the party attain twenty-one, he shall have a fee simple." So in Cassell v. Cooke, 8 S. & R. 268, the court said : "Let any man ask himself this question, what did the testator mean when he said if my son George be removed by death before he be of age, his part shall fall to my two daughters ? His answer most assuredly would be—he intended by these words that if he arrived at that age, he should have the power of disposing of it as he pleased, and if he died without disposition, leaving heirs, it should descend to them ; that the limitation over depended on one contingency —his death within age. This is not a construction by conjecture, but one arising from the words themselves on the most necessary implication." In the present case the evidence of intention to give an absolute estate is at least as strong as in the cases cited. There was not only a bequest in trust till majority without any gift over, but this followed a distinctly announced intention on the part of testator to dispose of his whole estate, and words which were admittedly sufficient to carry it. In these circumstances it is apparent that there was no intestacy, and distribution must be made accordingly.

*Error assigned* was decree of the court.

*C. M. Thorp*, with him *A. Leo. Weil*, for appellant.—There is nothing in the will which gives rise to any implication of a greater estate in the nieces than an estate for years : Bender v. Dietrick, 7 W. & S. 285. The law looks with great favor upon the heir, and if we are wrong in our position that the words of this will plainly and without ambiguity give but an estate for years to the nieces, and that there is no room whatever for implication that a greater estate was intended for them, and if it should be thought the true construction is a matter of some difficulty, the doubt should be resolved in favor of the appellant: 1 Jarman on Wills, 355; Howe's App., 126 Pa. 233;

1896.]                    Arguments—Opinion of the Court.

Hancock's App., 112 Pa. 532; Hitchcock v. Hitchcock, 35 Pa. 393; De Silver's Estate, 142 Pa. 74; Rupp v. Eberly, 79 Pa. 141; Brendlinger v. Brendlinger, 26 Pa. 131.

*J. S.* and *E. G. Ferguson* and *Alexander Gilfillan*, for appellee, were not heard.

PER CURIAM, November 11, 1896:

We find no error in this record. For reasons given at length by the learned president of the court below, he was clearly right in holding that there was no intestacy, and that distribution must be made accordingly. The decree is affirmed on his opinion, and the appeal is dismissed at appellant's costs.