## Hughes's Estate.

*Wills—Trusts and trustees—Dry trust—Gift to children.*

1. Where a testator directs that his real estate "shall not be sold but held in trust for the benefit of my grandchildren so long as any or either of them shall live in all cases the Estate is to go to my heirs," the trust so created is a dry one.

2. In such case the grandchildren are not only entitled to receive all of the income, but they also have vested interests in remainder, no matter whether the testator's heirs are to be ascertained as of the date of his death, or as of the date fixed for the termination of the trust.

Exceptions to adjudication. O. C. Phila. Co., July T., 1879, No. 71.

From the adjudication of Henderson, J., it appeared that the trust in this estate arose under the will of William F. Hughes, who died in 1871, whereby he gave the residue of his estate to the accountant in trust to pay the net income thereof to his daughter, Anna L. Reed, his only child, for life, with remainder to her children living at her death, and the issue of any deceased child *per stirpes*, with further provisions not necessary to recite. He subsequently executed the codicil referred to in the opinion of the court.

Anna L. Reed died Aug. 8, 1921, leaving to survive her four children, Mabel Reed Edwards, Anna M. Reed, Ethel Reed Hartel and William F. H. Reed, and no issue of deceased children.

The auditing judge awarded the proceeds of the real estate to the four grandchildren absolutely.

*Saul, Ewing, Remick & Saul,* for exceptions.

*Duane, Morris & Heckscher,* contra.

GUMMEY, J., April 20, 1923.—The exceptions are filed by the trustee, and they relate to so much of the fund accounted for as represents proceeds from the sale of that portion of the testator's real estate as to which he provided by codicil that it "shall not be sold but held in trust for the benefit of my grandchildren so long as any or either of them shall live in all cases the Estate is to go to my heirs."

The trust is undoubtedly a dry one (see McCune *v.* Baker, 155 Pa. 503), and, as pointed out by the auditing judge, the testator's four grandchildren are not only entitled to receive all of the income, but they also have vested interests in remainder, no matter whether the testator's heirs are to be ascertained as of the date of his death or as of the date fixed for the termination of the trust; accordingly, the testator's grandchildren, namely, Mabel Reed Edwards, Anna M. Reed, Ethel Reed Hartel and William F. H. Reed, take a fee in the real estate, and, hence, they are entitled to take absolutely the proceeds of the realty included in this account.

The exceptions are dismissed and the adjudication is confirmed absolutely.
3 D. & C.