Friedheim's Estate.

Argued April 22, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*John F. E. Hippel*, with him *Leon J. Obermayer*, of *Edmonds, Obermayer & Rebmann*, for appellants.

*Gordon A. Block*, of *Wolf, Block, Schorr & Solis-Cohen*, for appellee.

Opinion by Mr. Justice Maxey, May 11, 1942:

Samuel Friedheim made his will on September 18, 1925, and he executed a codicil thereto on May 4, 1927. He died June 29, 1927. In his will he provided, inter alia, that his residuary estate be held in trust, for investment and reinvestment and that certain stated sums as income therefrom should be paid monthly to, respectively, a brother and two nieces, for life and "the remainder of the income, together with the income . . . after the deaths of the respective parties" (supra) should

be paid unto his wife. Upon the death of all of the beneficiaries of this trust, he provided for a distribution of the principal of the trust estate. In her lifetime the wife could also receive "such portions of the principal as she may deem necessary".

The will further provided that when the trust terminated, $5,000. should be paid to testator's brother-in-law and the balance be divided into four equal parts, one of which should be paid "to such charity or charities as she [i. e. his wife] shall by writing during her lifetime designate". The wife duly designated as such charity the Jewish Hospital Association of Philadelphia. The remaining three parts of the balance of the fund was to be paid in equal shares to three nieces. These nieces and the charity named are the appellants here.

The codicil to testator's will reads as follows: "After the death of my wife Sophie Sternau Friedheim I wish $20,000.00 Twenty-thousand dollars to be put in Trust for my dear nephew and niece Dr. Louis and Fannie Friedheim." This nephew and niece are nowhere mentioned in testator's *will.* It is the contention of the appellants that when the testator in his codicil directed $20,000. to "be put in trust" for the nephew and the niece therein named he intended the codicil as "merely continuing the trust in the stated amount of $20,000. during the lifetime" of these two beneficiaries, with remainder over as provided in the will.

We agree with the learned Auditing Judge (LADNER) that the gift made in the codicil to the nephew and the niece Dr. Louis and Fannie Friedheim is absolute and that Fannie Friedheim, the surviving spouse of Dr. Louis Friedheim, takes the legacy of $20,000. absolutely. The trust created by the codicil is manifestly not an active but a "dry trust", i. e. a trust whose nature is not qualified by the settlor and where the cestui que trust has the right to be put into actual possession of the subject of the trust.

To hold as appellants contend, would be merely to *surmise* that testator intended the $20,000. bequeathed

in his codicil to be treated like "the rest, residue and remainder" of his estate which in his will he bequeathed to his executors "in trust" for certain carefully specified purposes, and then to let this "surmise" override the plain words of the codicil. Nothing is better settled in law than that a legacy created by such language as is used in this codicil vests absolutely. *Jeremy's Est., Jeremy's Appeal*, 178 Pa. 477, 478, 35 A. 847: "No active trust having been expressly imposed upon the trustees, nor implied . . . the trust must have become executed, and the . . . estate vested." In *Dodson v. Ball*, 60 Pa. 492, 496, Justice AGNEW speaking for this court said: "A simple trust gives to the cestui que trust a right to the possession, control and disposal of the property, . . ." To hold other than the court below held would be to rewrite testator's will. This the courts have no power to do.

The decree is affirmed at appellants' cost.