## Yeager Estate.

464

Argued May 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*A. J. White Hutton,* with him *Paul E. Fetterolf,* for appellants.

*William H. Allison,* for appellee, did not appear or file a brief.

OPINION. BY MR. JUSTICE DREW, June 25, 1946:

These appeals are from the final decree of the Orphans' Court of Mifflin County, dismissing a petition to terminate the trust created by the holographic will and codicils of J. Orin Yeager, who died May 23, 1941.

In creating the trust, testator named Citizens National Bank of Lewistown as trustee and directed that "the proceeds of this fund be supervised by the officers" of the Bank under the conditions named in the will and that the income be paid to the following beneficiaries: Lewistown Hospital, Yeagertown Methodist Church, Yeagertown Lutheran Church, Mabel Allison McBride, G. Clifford Rice, Marion Yeager and Naomi A. Stever. It was also provided, among other things, that "At the death or dissolution of any beneficiary their or its share of the proceeds of this fund shall be allocated to the remaining beneficiaries share and share alike or if any of the blood relatives of the beneficiaries named in this will are actually in need of financial assistance thro' sickness or misfortune, the decedent's portion of their assignment as set forth may be applied to the relief of such person or persons at the discretion of the Citizens Bank by its Directorate—This includes any of the beneficiaries or their 'immediate families'—named in this will whether participants in the Trust Fund or otherwise with the distinct understanding that immediate families mentioned above means only heirs or blood relations, and not heirs by adoption or otherwise", and that "All of the above Trust Fund bequests to expire at the death of the beneficiary." There was no ultimate disposition of principal. The petition to terminate was signed by the trustee and all of the income beneficiaries, except Mabel Allison McBride, who died March 17, 1943.

The learned court below held that the provision of the trust giving discretionary power to the trustee to distribute portions of the trust estate to any blood relative of the beneficiaries named in the will who were actually in need of financial assistance through sickness or misfortune, violated the rule against perpetuities and was invalid; that such provision could be separated from the other provisions of the trust without defeating the purpose of testator and that it would be contrary to testator's intention to allow the trust to be terminated.

Therefore, the petition was dismissed, and the six beneficiaries and the trustee took separate appeals.

Appellants agree that the provision of rendering financial aid to the blood relatives of the beneficiaries is invalid, for the reason given by the court below, but they contend that as a result of such invalidity, the entire trust fails; and that, since all parties in interest have consented, the court erred in not granting the prayer to terminate the trust.

There is no question that this provision does violate the rule against perpetuities. It extends the discretionary power given to the trustee for the entire life of the trust and beyond the period prohibited by the rule. Probability that the future interest will vest within the period is not enough. If, at the creation of the interest, by any circumstance or happening it is a possibility that it may not vest within the lawful period, the rule is operative and the interest destroyed. It is not a rule of construction, but a positive mandate of law to be obeyed irrespective of the question of intention: *Friday's Estate,* 313 Pa. 328, 170 A. 123.

Appellants, however, argue that the court below erred in deciding that such disposition can be struck down, without affecting the balance of the trust provisions. They cite *Johnston's Estate,* 185 Pa. 179, 39 A. 879, to support this contention. That case has no bearing on the present controversy. There, the entire trust fell because the testator's general scheme was to keep his estate entire for an unlawful period; while here the invalid provision was but a mere incident to the main lawful purpose of testator in creating the trust—i.e. the gift of the income to the named individuals and charitable and religious organizations.

Relying on the Act of April 14, 1931, P. L. 29,[1] ap-

---

[1] The relevant provisions of this statute are: "That whenever in the course of the administration of a trust created . . . by the will of a decedent . . . by the provisions of which . . . will the . . . testator shall have . . . created an estate for life or for lives . . . with *vested*

pellants further contend that the trust should have been terminated by the court, since all parties in interest have so agreed. This statute has no application to the present case, for the reason that the corporate beneficiaries have not a vested remainder. They are entitled only to the income of the trust fund. The rule of construction that a gift of income, interest or profits without limitation as to time constitutes a gift of the fee itself (*Gibbons's Estate*, 317 Pa. 465, 177 A. 50)., does not apply, where, as here, the instrument evidences an intent not to pass a fee. It has been held that such contrary intent is disclosed when the trustee has been given active duties to perform: *Thompson Trust*, 348 Pa. 228, 35 A. 2d 261. In the instant case there is an active trust, for it is to be "supervised" by the trustee, who is to pay the income to the beneficiaries. See *Bowman's Estate*, 332 Pa. 197, 2 A. 2d 725.

We are satisfied this case is ruled by *Unruh's Estate*, 248 Pa. 185, 93 A. 1000. There the testatrix set up a trust directing the investing of the principal and the paying over of the income to a charitable institution, without any ultimate disposition being made of the principal. We affirmed the action of the court below in dismissing a petition of the charity for a termination of the trust, on the ground that to do so would be contrary to the intent of the testatrix. In this connection, it is stated in Orphans' Court Common Place Book by Hunter, Vol. 1, p. 106: "A trust to pay the income to a charitable institution forever is an active trust which may not be terminated by the demand of the institution that

*remainder* to a corporation or association formed for . . . charitable, or religious purposes, it shall be made to appear to the court having jurisdiction of the administration of such estate or trust that *all parties in interest* in said estate or trust, still living or in corporate existence, *have agreed* that the trust be settled and ended upon terms mutually satisfactory to them . . . said court may . . . *the court being satisfied that all parties who are or may be interested in the trust property are in existence*, are sui juris and are agreed . . . decree that the trust be settled and ended in whole . . ." (Italics added).

the principal be paid to it, even with the consent of the trustee".

Decree affirmed.