## Lowitz Estate.

92

Argued July 6, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William H. Markus,* for appellant.

*Charles F. C. Arensberg,* with him *Benjamin O. Frick, Eugene B. Strassburger, Eugene B. Strassburger, Jr., Albert C. Hirsch, Strassburger & McKenna* and *Patterson, Crawford, Arensberg & Dunn,* for appellees.

*Edwin B. Goldsmith,* for executor of estate.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, September 27, 1948:

This appeal involves the construction of a will which reads as follows: "Ten thousand dollars ($10,000.00) of my estate are to be left in trust for my sister, Edith Lowitz. The balance of my estate is to be placed in a trust fund, to be administered by the Union Trust Co. of Pittsburgh, Pa., the earnings of this trust

fund are to be divided equally among my sisters: Rose Rosenthal, Helen Weinberg, Bertha Goldstein, Mrs. Robert Grant." The learned auditing judge, affirmed by the court in banc, awarded $10,000 absolutely to the guardian of Edith Lowitz. The residue was awarded absolutely in equal shares to the four named sisters. The guardian of Edith Lowitz has appealed. It is contended that the will creates an active trust of the residue for a definite period, i. e.: the respective lives of the four named sisters; that upon the death of each of the four named sisters an intestacy results as to the principal of such share, whereupon all five sisters or their estates take. It is also contended that the effect of a stipulation filed by the four named sisters agreeing to the distribution as decreed by the court, had the effect of creating an intestacy of the residue in which all five sisters share.

The will was correctly construed. Edith Lowitz is entitled to receive her legacy absolutely, free from trust limitations. The bequest "in trust" without limitations or duties, is a dry or passive trust which is executed by the Statute of Uses: *Dodson v. Ball*, 60 Pa. 492; *Carson et al. v. Fuhs et al.*, 131 Pa. 256, 260, 18 A. 1017; *McCune, Executor, v. Baker, Trustee*, 155 Pa. 503, 26 A. 658; *Mylin v. Hurst*, 259 Pa. 77, 102 A. 429; *Friedheim's Estate*, 344 Pa. 542, 26 A. 2d 341.

When testator placed the residue of his estate in a trust fund *"the earnings . . . to be divided equally among my [four named] sisters"*, he made an absolute gift of income without limitation of time. There was no gift over. The trustee was given no active duties to perform or purpose of the testator to carry out. This Court has consistently held that such a bequest is a gift of the fund itself. *Gibbons's Estate*, 317 Pa. 465, 177 A. 50; *Emmerich Estate*, 347 Pa. 307, 32 A. 2d 400; *Carmany Estate*, 357 Pa. 296, 53 A. 2d 731, and the cases therein cited.

A trust is not created merely because the testator provided that the fund was to be "administered" by the trustee. Appellant relies upon *Yeager Estate*, 354 Pa. 463, 47 A. 2d 813, where the trust was to be "supervised" by the trust department of a bank. An examination of that case reveals that there were active duties to be performed and discretion to be exercised by the trustee. Where there is no ultimate purpose of any kind requiring the continuance of the trust, except the mere payment of the income to the cestui que trust, it will not be sustained. See the opinion of the late Judge Gest of the Philadelphia Orphans' Court adopted per curiam in *Wood's Estate*, 261 Pa. 480, 104 A. 673.

The joinder of the four sisters in the stipulation approving the proposed decree of distribution was not, and did not purport to be, a renunciation or disclaimer of their rights as distributees. It had no effect whatever upon the judicial interpretation of this will.

Decree affirmed at appellant's cost.