## Gerhard Estate

Before Sinkler, P. J., Klein, Bolger, Hunter and Boland, JJ.

The facts appear from the following extracts from the adjudication of

BOLAND, Auditing Judge.—This trust arose under deed dated February 5, 1930, of Arthur H. Gerhard, settlor, whereby he transferred certain securities listed in schedule A, annexed to the deed, to hold in trust and to pay the net income therefrom unto:

"Rittmeister Maurus Teuber and Dr. Hans Pirquet, or either of them, and to the survivor of them, and upon the death of both the said Rittmeister Maurus Teuber and Dr. Hans Pirquet to such other person or persons other than the Grantor as Grantor may in writing nominate until the death of Grantor. IN TRUST upon death of Grantor to assign, transfer and pay over the principal or corpus of the estate held hereunder in equal shares unto Frances G. Miller, William George Gerhard, Anna Rebecca Gerhard and Arthur H. Gerhard, Jr., children of Grantor, or to the issue of any of them who may have died leaving issue, per stirpes upon the principle of representation. In the event that any of said children should have died leaving no issue. IN TRUST to distribute the share of such deceased child to the surviving children of Grantor and their issue

equally, share and share alike, per stirpes upon the principle of representation."

This is the first account and is filed because of the death of Arthur H. Gerhard, grantor, on August 29, 1949.

Rittmeister Maurus Teuber is dead.

Dr. Hans Pirquet is living and sui juris, as are Frances G. Miller, William George Gerhard, Anna Rebecca Gerhard (now Ames), and Arthur H. Gerhard, Jr. . . . .

It is contended by the accountant and by the four people named to take after the death of grantor, that the gift to Teuber and Pirquet is only for the life of settlor, and since settlor is dead the principal is now distributable to Frances G. Miller, William George Gerhard, Anna Ames, and Arthur H. Gerhard, Jr., subject to his assignment.

Dr. Pirquet contends that he has a life estate.

The conflict arises from the wording of the deed. Settlor first makes an outright gift of the income for life to Teuber and Pirquet. Considering the uncertainties of life, he reserves the right to name other persons to take in the event Teuber and Pirquet die before him, but limited these substitutionary estates to the life of grantor, he retaining no interest in either event.

Settlor then says, "IN TRUST upon death of grantor to assign, transfer and pay over the principal or corpus", etc. If the deed had inserted after "upon death of Grantor"—"Teuber and Pirquet both being dead" then to assign, etc., there would be no question.

To my mind there is no question in any event. Settlor first makes an outright gift of a life estate to Teuber and Pirquet. He then makes a substitutionary gift in case they are dead in his lifetime. If this had not been done and they were both dead before settlor and the corpus was not distributable until the death of

settlor, he would have had the right to receive income himself

A fee once having been given is not cut down except by clear, definite and precise words. There are no such words in this deed.

The remaindermen argue that the subsequent clause in dispute cuts down the gift to Teuber and Pirquet and limits the gift to the life of grantor.

"While there is no doubt that of two contradictory clauses in a will the first must yield to the second; yet the clearly expressed intent of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced intention": Jeremy Estate, 178 Pa. 477, 479.

It was stated in the case of Patton's Estate, 268 Pa. 367, 369: "The rule that the later of incompatible clauses in a will must prevail, is undoubted, but it is invoked only as a last resort, where there is an utter repugnancy (Simpson's Est., 245 Pa. 244; Hart v. Stoyer, 164 Pa. 523; Mutter's Est., 38 Pa. 314), which here there is not. This case falls under another familiar rule, that a rule must be so construed, if possible, as to give effect to all its provisions", and cases therein cited.

See also Torchiana's Estate, 292 Pa. 470, where it was held that in ascertaining the intent of testator, the court should, if possible, harmonize the various parts so as to give effect to the whole will.

There is no real ambiguity here. The dispute arises from a possible omission. I therefore must find that settlor intended Teuber and Pirquet to have a life estate regardless of the date of his death. . . .

*W. Wilson White*, for exceptants.

*Paul A. Wolkin*, contra.

OPINION SUR EXCEPTIONS TO ADJUDICATION

SINKLER, P. J., October 27, 1950.—The pertinent clause of the deed of trust is quoted in full in the adjudication; likewise, decisions of the Supreme Court of this State upon the question at issue. The auditing judge correctly held that the survivor of the two individuals, Teuber and Pirquet, to whom it is directed that the income be paid, is entitled to receive the income so long as he lives, despite the death of settlor. At the audit it was contended in behalf of the four children of settlor that the right of the survivor, Pirquet, to receive the income ended upon the death of settlor: First, because of the direction in the deed that upon the death of both Teuber and Pirquet the income be paid to such other person or persons, other than settlor, as he may in writing nominate, until his death; second, because of the provision immediately following, that upon the death of settlor the principal shall be paid as therein directed. The auditing judge correctly found that settlor intended Teuber and Pirquet to have life estates regardless of the date of his death. An estate pur autre vie measured by the life of settlor is given only to such other person or persons, other than settlor, as he may by writing nominate, until his death.

Dr. Pirquet did not appear at the audit on May 1, 1950, in person or by attorney. The record contains a letter addressed to the auditing judge by Dr. Pirquet, dated June 16th, which sets forth his contention. The adjudication is dated June 26, 1950. Exceptions were filed by three children of settlor and the trustees for the fourth. At the argument upon the exceptions, October 16th, before the court en banc, Paul A. Wolkin, Esq., appeared for Dr. Pirquet. His brief presents an argument not presented at the audit. It is, in effect, that where an irreconcilable conflict exists between the meanings expressed in different dispositive clauses of

the same instrument of conveyance, the intent of the conveyor is derived from (a) the earliest clause, if the instrument of conveyance is a deed; (b) the latest clause, if the instrument of conveyance is a will: A. L. I. Restatement of the Law of Property, §246.

The following decisions of the Supreme Court of this State have been rendered:

Where there is an irreconcilable conflict between two clauses of a will, the latter prevails: Conner's Estate, 286 Pa. 382 (1926). In the case of a deed, however, a grant of an unlimited right will not be cut down by subsequent provision in the absence of a clear expression that such was grantor's intention: Brolasky's Estate, 309 Pa. 30 (1932) ; Peirce v. Kelner, 304 Pa. 509 (1931) ; Satterthwait et al. v. Gibbs et al., 288 Pa. 428 (1927).

This additional authority exists for upholding the decision of the auditing judge.

The exceptions are dismissed, and the adjudication is confirmed absolutely.