## Whitcomb Estate

*Clark, Ladner, Fortenbaugh & Young*, for accountant and remaindermen.

SHOYER, J., February 24, 1967.—This trust arises under the will and codicils, a copy of each of which is hereto annexed, of Fanny Kingsley Whitcomb, who died July 10, 1929, whereby in article Sixth of her will she gave one third of her residuary estate to her executors, in trust, to pay the income to her daughter, Phyllis Whitcomb Weston, for life, and "after her decease then in trust for such person or persons and for such uses and purposes", as her said daughter might by will appoint, and in default of appointment "then in trust to pay, transfer, grant and convey the said share . . . to such person or persons as would have been entitled to the same in case my said daughter had departed this life intestate, absolutely possessed of said

share . . . as such person or persons would in such case be entitled to receive by the Intestate Laws of Pennsylvania".

The fund being here accounted for was awarded under the adjudication by Klein, P.J., dated October 26, 1954, to Girard Trust Corn Exchange Bank, now Girard Trust Bank, in trust for Phyllis Whitcomb Weston.

This account was filed because Phyllis Whitcomb Weston died on November 8, 1965. She left a will upon which letters testamentary were granted to Girard Trust Bank and David Britton Faunce, executors, by the Register of Wills of Montgomery County. By her will, a copy of which is hereto annexed, she, in item III, gave the property over which she had power of appointment under the will of her mother, Fanny Kingsley Whitcomb, "to such persons and upon such Estates as set forth in the provisions in ITEM IV of this my Will. I declare that, in exercising this power of appointment, it is not my intention to blend the appointed property and estate with my individual property, but that the same shall be held and disposed of separate and apart therefrom". In item IV, she gave her residuary estate in equal shares to her four children, Theodore, Kingsley, Phyllis and Frederick, absolutely, and to child or children of any deceased children, per stirpes, the share falling to any minor to continue in trust.

Phyllis Whitcomb Weston was survived by her four children, Theodore Weston, II, Kingsley W. Weston, Phyllis W. Faunce and Frederick W. Weston, Jr., each of whom is stated to be sui juris. . . .

The statement of proposed distribution and notice to the parties in interest, including the United States Attorney, raise the question: since the appointees of the residuary estate, the four children of the donee of the power of appointment, are also her heirs under the

intestate law of Pennsylvania, do they take as such intestate heirs under the default clause of the donor's will, rather than pursuant to the power of appointment? Distribution to the four remaindermen, as proposed by accountant, under the default provision of donor's will, would, it is contended by them, relieve donee's estate from liability for Federal estate tax with respect to the property so appointed. It is for this reason notice was given to the Attorney for the United States.

Sur petition by the parties in interest, by decree dated November 22, 1966, a citation was awarded to Drew J. T. O'Keefe, United States Attorney, to show cause why the Federal government, by its proper officers, should not appear as a party in interest in these proceedings: See section 707 of the Orphans' Court Act of August 10, 1951, P. L. 1163, as added August 13, 1963, P. L. 670; Brinton Estate, 36 D. & C. 2d 679, 15 Fiduc. Rep. 244.

By letter dated February 15, 1967, hereto attached, Honorable Drew J. T. O'Keefe, United States Attorney, informed the court that the United States will not appear in these proceedings.

In a memorandum of law submitted on behalf of the parties in interest, it is contended that donee's power was a limited one to appoint "in trust for" her beneficiaries, and that she exceeded this power by appointment of the share outright to her beneficiaries.

Counsel points out that the will provides: "and for want of such direction, limitation or appointment, then *in trust* to pay, transfer, grant and convey the said share . . . of my said daughter *to* such person or persons . . ." (Italics supplied). Counsel contends that the use of the words *"in trust . . . to* such person or persons as would have been entitled" under the intestate laws is vastly different from the words *"in trust for* such person or persons and for such uses and

purposes as my said daughter" may appoint. In the latter context, counsel argues, the words "in trust for" contemplate an active trust upon terms, i.e. ,"for the uses and purposes", as set forth in Mrs. Weston's will. In the former context, the words "in trust . . . to" Mrs. Weston's intestate heirs evidence a classic dry or passive trust, executed by the Statute of Uses: Friedheim's Estate, 344 Pa. 542 (1942) ; Lowitz Estate, 360 Pa. 91 (1948) ; Boshamer Estate, 28 D. & C. 2d 265 (O. C. Phila. Co., Shoyer, J., auditing judge, (1962) ) ; and the cases cited in 6 Hunter, O. C. Commonplace Book (2d ed.), Trusts §8(a). The memorandum concedes that no case has been found to support such interpretation.

While the contrast referred to by counsel is obvious, and I agree that the gift to those taking by default is absolute, I am not convinced that the power given to donee was limited to an appointment in trust. While recognizing that " 'where a testator uses a different word or phrase he will be presumed to have a different meaning' " (Page's Estate, 227 Pa. 288, 289 (1910) ), I, nevertheless, prefer to base my holding on a firmer foundation. I believe there is a recognized rule of law which furnishes a stronger and more compelling reason for my holding that distribution to the nominees of donee is, and must be construed as coming, directly from the donor.

5 Hunter, O. C. Commonplace Book (2d ed.), Power of Appointment by Will §13, states the rule that an "Appointment in favor of person who would take in default of appointment; property will be treated as passing under the will of the donor: Potter's Estate, 13 D. & C. 667 (O.C. Phila., 1930)".

In Potter, testator gave his son a power of appointment by will and directed that, in default of exercise of such power, the share of the son shall go to his "heirs and legal representatives". The son exercised

the power in favor of his two children, who were his only heirs and legal representatives. It was held that such share does not pass under the appointment so made, but is vested in the children directly under the will of the donor of the power. The court said that where a life tenant under a will exercises a general power of appointment in favor of the persons to whom the property would have passed in default of appointment under the will of the donor of the power, it would seem that no Federal estate tax is imposed: "The reason for the rule is clear. The will of Thomas Potter vested the remainder in the two children of William Potter, subject to his right by a general power to direct otherwise; he has not directed otherwise, hence the vesting under the earlier will has not been disturbed and the award should have been so made". (page 669). See the very full treatment of this subject in Simes & Smith, Law of Future Interests (2d ed.), §983.

Here, as in Potter, the remainder of donor's estate vested in donee's four children, who are her heirs under the intestate laws of Pennsylvania. The appointment by her to these same four children did not disturb the estate so vested in them.

No one — neither tax authority nor creditor — has appeared here to oppose the theory of the earlier vesting. Accordingly, I hold that Phyllis Weston's attempted exercise of her power of appointment was a nullity and the shares are, therefore, awarded to these distributees under the will of the donor, Fanny Kingsley Whitcomb. . . .

And now, February 24, 1967, the account is confirmed nisi.