## Evanich Estate

*Mansell, McKee and Flannery*, for accountant.
*Donald J. Nicolls*, for widow.
*Robert E. Jamison* and *Richard A. Harper*, for daughter.

HENDERSON, *P.J.*, April 4, 1979—The First National Bank of Lawrence County, as administrator of the Estate of Andrew Evanich, has filed a petition for declaratory judgment seeking to have

the court determine whether an instrument executed by the deceased entitled "Declaration of Trust" actually creates a valid trust and if so, what its provisions are, and whether it is an active or passive trust.

The instrument in question was prepared and executed by the deceased in handwritten form on November 6, 1977. A postscript to the instrument stated that it followed a form found in the book "How To Avoid Probate" by Norman Dacey. The instrument states that Andrew Evanich owns certain real property located at 1510 Albert Street, New Castle, Pennsylvania, and goes on to declare that he

" . . . holds and will hold said real property and all right and title and interest in and to said property and all furniture, fixtures and real and personal property situated therein in trust 1. For the use and benefit of Michele Andrea Evanich (my adopted daughter) 1510 Albert Street, New Castle, Pa., Law. Co. hereinafter referred to as the 'First Beneficiary.'

"In the event of my death or legal incapacity, I hereby nominate and appoint as successor trustee hereunder the First Beneficiary, and upon his or her failure or ceasing to act, then I nominate and appoint, Rudy Evanich, and Mary Evanich, R.D. #7, New Castle, Pa. Law. County as Successor Trustee.

November 6, 1977—Dr. Andrew Evanich"
(Signature)

Andrew Evanich, a chiropractor, died intestate on June 6, 1978, leaving to survive him a wife, Doris H. Evanich, and a daughter by a previous marriage, Michele Andrea Evanich, who was 12

years old at the time of Andrew Evanich's death. Doris Evanich married deceased on April 28, 1978, after the instrument in question had been executed.

Section 4 of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §834, permits executors, administrators, or trustees to obtain a declaration of rights or legal relations to determine any question arising in the estate or trust, including questions of constructions of wills or other writings. In the present case, the administrator needs to know if the instrument in question creates a trust, and, if so, what kind of a trust, in order to determine whether or how the Albert Street property is to be included within the estate. Antagonistic claims are present since the interest of the daughter, beneficiary under the instrument, would be best served by having the instrument declared to create a valid dry trust, while the interests of decedent's wife would be best served by construing the instrument of no effect so that the Albert Street property would be included in the estate. Both Doris Evanich and the minor daughter, by her maternal grandparents, as well as Ruby Evanich and Mary Evanich, named successor trustees under the instrument in question, have joined in the prayer of the petition for declaratory judgment. Under these circumstances, we will render a determination of the issues raised by the petition.

The initial and central question raised is whether or not the instrument entitled "Declaration of Trust" executed by decedent and written in his hand, creates a valid trust. The instrument certainly sets forth a specific trust res, the property at 1510 Albert Street, names the trustee, Andrew Evanich, the maker of the instrument, nominates

successor trustees, and names the beneficiary, Michele Andrea Evanich, the adopted daughter of Mr. Evanich. Mrs. Evanich, decedent's wife, argues that the beneficiaries are not clearly ascertainable from the instrument since the daughter is referred to as the first beneficiary, thus raising the presumption that there were other beneficiaries, but this is easily explained by the statement at the end of the instrument that decedent followed a form in making the instrument. The trust is not in any way ambiguous or unclear in naming the beneficiary.

The instrument is also clear on its face in manifesting the maker's intent to create a trust. The fact that the instrument itself was drawn from a form taken from a book entitled "How To Avoid Probate" indicates that Mr. Evanich wished to transfer the property in a way so that it would not be considered part of his estate upon his death and thus avoid probate. Although no particular form of words or conduct is necessary to create a trust, and neither the presence or absence of the words trust, trustee or beneficiary is determinative of an intention to create a trust: Buchanan v. Brentwood Fed. S. & L. Assoc., 457 Pa. 135, 143, 320 A. 2d 117, 122 (1974); the use of these particular words can certainly be considered as evidence of the intent to create a trust.

In support of her position that decedent never intended to create a present trust, Mrs. Evanich relies upon the absence of any conduct on the part of decedent, other than the drawing of said instrument, which would indicate that equitable ownership of the property had shifted. However under the facts in this case, absence of outward manifestations of a transfer in ownership is not surprising.

The instrument attempted to transfer the property to decedent as trustee so that legal title remained the same, and only the equitable interest passed to the 12-year-old daughter. The property involved consisted of a residential dwelling which included an office where decedent engaged in his chiropractic practice. Considering the age of his daughter and the use made of the property, it is not surprising decedent maintained the outward appearance of ownership of the property. Certainly this does not refute the evidence of the instrument indicating his intention to create a trust.

A more difficult issue is presented by the failure of the instrument to expressly impose any powers and duties upon the trustee. Mrs. Evanich initially argues that this omission causes the instrument to fail to create a trust, but later she takes the position that if a valid trust is found it must be considered an active trust since a trustee of the house would have implicit duties to manage and maintain the home, pay the utilities, etc.

Counsel for the daughter, as well as counsel for the successor trustees, take the position that the instrument failed to impose any duties upon the trustee, which thus created a passive or dry trust which is executed by the Statute of Uses, converting the equitable title of the beneficiary into full legal title in fee simple.

The instrument itself only speaks of the trustee holding the trust property "for the use and benefit of" the beneficiary. On its face, this is as "bone-dry" as a trust could be. Any duties imposed upon the trustee arise not from the instrument itself but rather the very nature of the trust, particularly the nature of the property involved and the status of the beneficiary.

If Mrs. Evanich's position on the implicit duties

placed on a trustee when the trust res includes a house is correct, then it would seem that a passive trust could never result where real property is concerned since it could always be said that the trustee has an implicit duty to manage and maintain the property. But courts have found dry trusts in this type of situation: E.g., Eaves v. Snyder, 368 Pa. 459, 84 A. 2d 195 (1951); Kershner Estate, 182 Pa. Superior Ct. 268, 126 A. 2d 788 (1956).

The fact that the beneficiary is not sui juris does not preclude the finding of a dry trust. For example, Judge (now Chief Justice) Eagen in Ferris v. Ferris, 57 Lack. Jur. 81 (1955), found a dry trust created when a decedent designated as beneficiary of a life insurance policy his sister "in trust for" his three-year-old daughter. The court ordered the proceeds of the policy be turned over to the guardian of the minor daughter, rather than allowing the designated trustee-sister to retain and invest the proceeds for the benefit of the daughter. See also, Litzenberg v. Wright, 11 Montg. 99 (1895).

In this case there is no indication that the instrument was drawn to provide for protection of a spendthrift child or that it is otherwise necessary to treat the trust as active for reasons such as are listed at 6 Hunter O.C., Trusts, 16, §2(a). Because no duties are placed upon the trustee, nor is there any termination date on remainderman, the instrument in question creates a "dry" or "passive" trust.

An argument is made that because enforceable duties are lacking, no trust is created at all. Although language in certain cases may be read in that manner, we believe what is really meant is that no express active trust may be created without duties placed upon the trustee.

The effect of a dry trust is to vest both the legal

and equitable title in the beneficiary because such a trust is executed by the Statute of Uses. See, 6 Hunter O.C., Trusts, 115, §8, and cases cited therein. Although originally the statute of uses only applied to trust of freeholds where one person was "seised" to the use of another, courts in this Commonwealth in modern times have applied the Statute to execute trusts of personalty as well (e.g., Lowitz Estate, 360 Pa. 91, 61 A. 2d 342 (1948); McCune v. Baker, 155 Pa. 503, 26 Atl. 658 (1893)) so that the furniture and other personal property located on and in the property at 1510 Albert Street, as well as the realty itself, became the property of the daughter, legally as well as equitably, under the "declaration of trust."

Trusts which are passive because of the lack of sufficient duties placed upon the trustee must be distinguished from trusts which fail because of the uncertainty of the statement of duties which the trustee is to perform. In the latter situation a resulting trust may be created for the settler or his estate: Bogert, Trusts and Trustees, §206, 379 (2d ed. 1965). But where the trust is dry and the trustee without duties then it is executed in favor of the beneficiary.

Here, by the instrument entitled Declaration of Trust, Dr. Evanich manifested his intent to create a trust for his daughter, Michele, of the realty and personalty located at 1510 Albert Street, New Castle, Pa. Because no duties were imposed upon the trustee, the trust was dry and executed by the Statute of Uses so that the beneficiary, Michele, held legal as well as equitable title to the property. Therefore, the property conveyed by the instrument of trust cannot be included within Dr. Evanich's estate. The property thus conveyed includes the

parcel of land situate at 1510 Albert Street, New Castle, Lawrence County, Pa., the buildings standing thereon, and all furniture, fixtures and other personalty situate on said land and buildings as of November 6, 1977, the date of the signing of the instrument of trust.

## ORDER

Now, April 4, 1979, the administrator's action in declaratory judgment is hereby entertained and in accordance with the opinion filed herewith, it is hereby found that a valid trust was created for the benefit of Michele Andrea Evanich, that the trust res consists of the realty and personalty located at 1510 Albert Street, New Castle, Pa., and that the trust is a dry trust.